STATE OF MISSOURI, Respondent, v. TURNER, Appellant.

**St. Louis Court of Appeals, May 14, 1907.**

1. **DISTILLER: Intoxicating Liquors: Oral Testimony not Conclusive.** Where a purchaser of liquor made an agreement with the seller that he would buy three gallons but could take away only a half gallon at a time and only paid a small part of the price for three gallons and only took away a half gallon at the time, if the agreement was bona fide, the seller, a distiller, was protected by the provision of section 3014, Revised Statutes 1899, but it was for the jury to say whether the arrangement was a bona fide sale of three gallons or a sham arrangement to defeat the law with the real intention to sell only half a gallon.

2. **PRACTICE: Remarks of Trial Judge.** In a prosecution of defendant for selling liquor in less quantities than a gallon without a dramshop license, a remark of the trial judge in the presence of the jury that he was inclined to think "it was not a sale of three gallons, it was a sale of what he got," was prejudicial and an error requiring a reversal of a judgment of conviction.

Appeal from Barry Circuit Court.—*Hon. F. C. Johnston,* Judge.

REVERSED AND REMANDED.

*T. D. Steele* for appellant.

Under the State's evidence it was clearly the duty of the court to sustain the demurrer to the State's evi-

dence.   Section 2991, Revised Statutes 1899, authorizes the sale of intoxicating liquors in quantities of three gallons and this being the section of the statute upon which this prosecution is bottomed and the State having proven a sale of three gallons, it was clearly the duty of the court to sustain the demurrer there being not sufficient evidence to warrant a conviction.   State v. Meagher, 114 Mo. App. 266.   As between the parties, all that is required to give validity to a sale of personal property is mutual assent.   Lumber Co. v. DeLisle, 107 Mo. App. 615.   Even if the full three gallons had not been measured out at the time, the weight of authority is that where the property sold is a part of an ascertained mass of uniform quality and value, separation is not essential, and the title to the part sold will pass to the vendee, if such appears to be the intention of the party. Kingman v. Holmquist, 36 Kan. 738.

*D. H. Kemp* for respondent.

GOODE, J.—This defendant was convicted of selling a half gallon of whiskey without having a license as a dramshop keeper.   The defense was that he was a distiller of whiskey and sold not a half gallon, but three gallons at the distillery where it was made, and, therefore, was within the protection of section 3014 of the Revised Statutes of 1899, allowing intoxicating liquors to be sold in quantities of not less than one gallon at the place where made.   [See State v. Hurd, 64 Mo. App. 334.]   But one witness was introduced; the man who purchased the whiskey.   He testified he went to defendant's distillery and told defendant he wanted to buy three gallons of whisky, but could only take away a half gallon at a time.   He purchased three gallons for $7.50, and on his first visit took away a half gallon, paying $1.35 to defendant, which was all the money he had; that on two other visits to the distillery he got the rest of the whisky, making two further payments in propor-

tion to the quantity he took each visit. The witness swore he noticed on the occasion of the first visit, when the sale was made, that the defendant measured out the three gallons ordered, and it was left in the building to be obtained by the witness whenever he called for it. If the agreement was in good faith as related, and three gallons of whiskey were actually drawn from the barrel and set apart in a separate vessel, to be obtained by the purchaser as wanted, the transaction constituted a sale and passed the title to the purchaser. [Benjamin, Sales (6 Ed.), sec. 308, et seq.; Tiedeman, Sales, sec. 89.] But the jury were not bound to believe the witness's story, which had its inconsistencies. On the contrary, they might believe the arrangement was simply a ruse to evade the dramshop law; hence we overrule the contention that the court should have directed a verdict for defendant.

The essential question in the case was whether there was an actual, bona fide sale of three gallons of whisky and a setting apart of that quantity for the buyer with his knowledge and consent, or whether the real intention was to buy a half gallon of whisky under a sham arrangement for three gallons. An exception was taken to a remark made by the judge in the presence and hearing of the jury of the following tenor: "I am inclined to think it was not a sale of three gallons; it was a sale of what he got." This expression of opinion by the court on the material issue in the case, in the hearing of the jury, was highly prejudicial to defendant and constitutes reversible error. [1 Thompson, Trials, sec. 219; Wright v. Richmond, 21 Mo. App. 76.]

The judgment is reversed and the cause remanded. All concur.