THE STATE OF MISSOURI, Respondent, v. JAMES E. POTTER, Appellant.

Kansas City Court of Appeals, May 20, 1907.

1. **SELLING LIQUOR: Former Acquittal: Jury: Continuing Offense.** As a rule the defendant on a plea of former acquittal is entitled to a jury, but where the plea raises only a question of law as whether the selling of liquor without filing bond and affidavit against adulteration is a continuing offense, the matter is for the court. And, *held,* each sale was a violation of the statute, and an acquittal of a former sale would not protect against a subsequent sale.

2. ———: **Adulteration: Agent.** What a man does by his agent, he does himself, and if he employs another to do a criminal thing for him, as selling liquor when he has not filed a bond and affidavit against adulteration, he is guilty of the same as though he did it himself.

125 App—30

State v. Potter.

3. ———: ———: Druggist: Prescription. The statute requiring bond and affidavit against adulteration was not intended to prevent the sale of medicine on prescription which may contain intoxicating liquors but merely to regulate the sale of liquors as such; and the statute applies to druggists who sell liquor.

4. ———: ———: ———: Information. An information for selling liquor without filing bond and affidavit against adulteration need not designate the person to whom the same is made, and such a prosecution is not against defendant as a druggist.

5. TRIAL PRACTICE: Instruction: Oral Declaration of Court. A declaration by a court in the presence of the jury that if certain facts were true "then it would follow as a matter of law that the act of the agent was the act of the defendant," is held to have been tantamount to saying the defendant was guilty, and should have been given in writing and not orally, and besides, it is in the nature of a comment of the evidence which is error.

Appeal from Cooper Circuit Court.—*Hon William H. Martin*, Judge.

REVERSED AND REMANDED.

*John Cosgrove* for appellant.

(1) The trial court erred in overruling defendant's plea in bar. An issue of fact was raised by it and entitled defendant to a trial of that issue. State v. Anderson, 166 Mo. 28; State v. Huffman, 136 Mo. 63; State v. Schmidt, 136 Mo. 644; State v. Wiseback, 139 Mo. 216; State v. Harris, 47 Mo. App. 558. (2) There was no person named in the information to whom the sale was alleged to have been made. This is necessary in criminal prosecutions against druggists. State v. Martin, 108 Mo. 117; State v. Rofter, 62 Mo. App. 101. (3) The remarks of the court, in the hearing and presence of the jury, to the effect that if the defendant owned the stock of drugs and put Mr. Wheeler in charge thereof, the defendant was liable for any unlawful act Mr. Wheeler may have committed in selling liquors, were prejudicial to the defendant. The same vice is in instructions given on behalf of the State and increased the error to

defendant's prejudice. 21 Ency. Plead. and Practice, p., 995; McPeak v. Railroad, 128 Mo. 644; McCombs v. Foster, 64 Mo. App. 613; State v. Shipley, 174 Mo. 572. (4) It is quite evident that a druggist should not be required to make the affidavit required in section 2291, Revised Statutes 1899, for the manifest reason that the oath, if made, would prevent his doing such acts as the law authorizes him to do. The case of State v. Summers, 142 Mo. 586, when critically examined, is not authority against this contention. (5) There is not sufficient evidence to authorize the conviction of the defendant. The report of the number of prescriptions filed from June 4 to July 1, 1906, read in evidence by the prosecuting attorney, does not mention any sales at all, nor does it tend to prove that the sale of any whiskey was made. There is nothing said about selling intoxicants in said report. (6) The remarks of the court were objected to. There was no evidence up to this stage of the trial of a sale, only an opinion or a surmise that a sale was made. (7) If the court should hold that the sale, and not the failure to give the bond and file the oath, mentioned in sections 2289 and 2291, is the offense, and should further hold that the evidence proves a sale, then the man who made the sale, if any, should be prosecuted, and not the defendant. State v. Hammack, 93 Mo. App. 521; State v. Russell, 99 Mo. App. 373; The People ex rel. v. Worden, 60 N. Y. 559.

*W. F. Johnson* and *Roy D. Williams* for respondent.

(1) The trial court did not err in overruling defendant's alleged plea in bar. Said alleged plea in bar was a dilatory plea and was not proved by affidavit nor any other evidence. R. S. 1899, sec. 2562; Kelley on Criminal Law, 224. It did not have the requisites of a good plea in bar, in that it did not set out the information, verdict and judgment in the former case. Wheeler

v. State (Tex. Crim. App.), 38 S. W. 182; Ford v. State, (Tex. Crim. App.), 56 S. W. 918; Kelley on Criminal Law, 213; Washington v. State (Tex. Crim. App.), 32 S. W. 694. The plea raised no issue of fact. Where the plea shows on its face it is a question of law and not of fact, it is properly passed upon by the Court without the aid of a jury. State v. Manning, 168 Mo. 429; Byas v. State, 51 S. W. (Tex. Crim. App.), 923; Epps v. State, 42 S. W. (Tex. Crim. App.) 525; Wright v. State, 40 S. W. (Tex. Crim, App.) 491; Wheelock v. State, 38 S. W. (Tex. Crim. App.) 182. (2) No person need be named in the information charging the sale of whiskey under this section. This information follows a long line of precedents in this State. State v. Martin, 94 Mo. App. 202; State v. Crowley, 37 Mo. 369; State v. Finn, 38 Mo. App. 506; State v. Summers, 142 Mo. 589. (3) The remarks made by the trial judge complained of by appellant were made in passing upon the competency of testimony and were not in the nature of instructions to the jury, but they announced correct principles of law, and the defendant could not be hurt thereby. Redmond v. Railroad, 90 Mo. App. 75; Cane v. Burch, 4 Mo. App. 571. (4) A druggist is not exempt from the provisions of sections 2289 and 2291, requiring the oath and bond, provided he offers for sale or sells intoxicating liquors. State v. Ferguson, 72 Mo. 297; State v. Summers, 142 Mo. 596; R. S. 1899, secs. 2289 and 2291, 2292; State v. Crowley, 37 Mo. 371; State v. O'Connor, 65 Mo. App. 325; State v. Finn, 38 Mo. App. 507. (5) Appellant's contention in point 7 is without merit. The authorities he cites do not sustain him. They hold only that a clerk filing a prescription for liquor under the direct supervision of a registered pharmacist is not amenable to the criminal law, as the registered pharmacist is the responsible party. These cases have no bearing on the questions involved herein. State v. McCabe, 94 Mo. App. 122; State v. Schmidt, 14 Mo. 137; Kelley on Criminal

Law, sec. 23.   (6)   The old maxim *"qui facet per alium facet per se"* applies in criminal cases.   1 Bishop on Criminal Law (2 Ed.), sec. 264; State v. McLain, 92 Mo. App. 461.

BROADDUS, P. J.—The defendant was tried and convicted on information on the charge of selling whiskey on the tenth day of April, 1906, in the county of Cooper, without first having appeared before the county clerk of said county and taken and subscribed an oath not to mix and adulterate with any substance whatever liquors offered by him for sale, and without and before giving bond in the sum of five hundred dollars with good and sufficient surety, as required by law, for the payment of all costs arising from prosecutions for violations of the provisions of chapter 15 of article 8, of Revised Statutes of Missouri, in relation to the adulteration and sale of intoxicating liquors.

Before the jury was sworn the defendant filed a plea in bar setting up in substance: that on the twenty-second day of June, 1906, three separate informations were filed charging him with having violated the statute in question; that these informations charged him with having committed said offense on three different days, to-wit, one on the tenth day of April, 1906, one on the eleventh day of April, 1906, and one on the twelfth day of April, 1906; that a trial had been had on the information charging him with having committed the offense on the eleventh day of April aforesaid.   No evidence was offered to support the plea.   It was overruled by the court and defendant excepted.

During the trial defendant objected to the introduction of certain evience offered by the State to show that defendant was the owner and proprietor of a certain drugstore, on the ground that in a case already tried the defendant was acquitted for the same kind of an offense as that for which he was on trial.   Whereupon the court

said: "Objection overruled, for the reason that counsel is mistaken about that, no evidence was introduced in that case." Defendant's counsel then said: "I object further for the reason that the defendant has already been tried and acquitted on the charge for selling liquors during the month of May." The court then said: "The court directed an acquittal for the reason that the State had not shown that defendant Potter was the owner and proprietor of a stock of drugs at Clifton City at which sales of whiskey were made by his employee, Wheeler." Defendant's counsel then said: "And for the further reason that this offense is alleged to have been done on the tenth of April, 1906, whereas the trial yesterday resulted in an acquittal for an offense of a similar character alleged to have been done on the eleventh of April." The court also overruled this objection.

At another time during the progress of the trial defendant's counsel said: "Now, if the court please there is no allegation in the information that Mr. Potter was the owner of a drugstore, or was running anything. There is not a particle of any allegation of that kind. The proof ought not to be broader than the charge." The court in reply said: "The proof is that the defendant sold this whiskey without having filed an affidavit. The court asks the question because, as a matter of law, if he furnished the materials and put a man in charge of them to sell them, and the man did sell them, it was the act of the defendant." The defendant excepted to the remarks of the court, whereupon the court said: "Counsel misunderstands the court; the court is making this inquiry in order to find out whether or not the defendant did own a stock of merchandise, and whether or not he did put this witness in charge of it, and whether or not intoxicating liquors were a part of that stock of drugs, and whether or not he was put in charge of it to sell it; and the court made the inquiry because,

if these things were true, as matters of fact, then it would follow, as a matter of law, that the act of the agent was the act of the defendant." To all of which defendant excepted.

The court then proceeded to question the witness as follows: "Now, Mr. Wheeler, were you in charge of a stock of merchandise at Clifton City? A. Yes, sir. Q. Whose merchandise was it? A. Mr. Potter's. Q. Who directed you to take charge of that merchandise? A. Mr. Potter. Q. Who paid you for taking charge of that merchandise? A. Mr. Potter. Q. Of what did that merchandise consist? A. Drugs. Q. State to the jury whether or not there was any intoxicating liquors in that. A. There was. Q. Of what did that consist? A. Wines, different kinds of liquors. Q. Whiskey? A. Yes, sir. Q. During the month of June did you sell any of these whiskies? A. I did." Defendant's counsel then said: "I object and except to the examination made by the court of the witness on the stand in the presence and hearing of the jury. The court has not the right to state its conclusions of law orally to the jury." A copy of the sworn report of sales of defendant and his clerk, Wheeler, made to the county clerk from the fourth to the thirtieth day of June, 1906, inclusive, was offered in evidence, which showed that whiskey was sold on prescription to various persons on each day except the sixth, fifteenth and twenty-first days. Many errors are alleged on the part of the court occurring during the trial.

First. Defendant insists that he was entitled to a trial by a jury on his plea in bar which right was not afforded him. It seems to be well-settled law as a general rule, that a defendant on such a plea is entitled to a trial by a jury before he can be put to trial on his plea of not guilty. [State v. Hatcher, 136 Mo. 641, and cases cited.] But when the plea in bar on its face shows that the question raised by it, is a matter of law and not of

fact, it is a question for the court alone. [State v. Manning, 168 Mo. 418.] The only suggestion defendant has made that his plea in bar was good, is that the offiense was a continuing one and that an acquittal on one charge of violating the statute barred all charges for similar offenses. We cannot see how selling whiskey on different days without having complied with the statute would make it a continuing offense. It is not of that character. Each sale was a violation of the statute. Otherwise a conviction or acquittal would operate to nullify the law, for thereafter the defendant would be justified in continuing the business with impunity without having made the required affidavit and bond. It therefore follows that defendant's plea in bar presented a question of law for the court and not a question of fact and there was no error in that respect.

Second. The defendant's contention is that a sale made by his clerk was not in law a sale made by himself. Without going into the question whether a mere showing that defendant's clerk sold the whiskey as alleged would in law constitute a selling by the defendant, it is sufficient to say that there is ample proof that defendant had the whiskey on hand in his drugstore for sale and that his clerk was by him authorized to sell. The law is that, "What a man does by his agent, he does by himself; if a man employs another to do a criminal thing for him, he is guilty the same as though he did it himself." [1 Bishop on Criminal Law, sec. 264.]

Third. Defendant contends that the statute in question does not include sales made by druggists, otherwise they could not sell it for medical purposes. This is a misconception of the intent of the law. It is not the purpose to prevent the sale of medicines on prescriptions which may contain intoxicating liquors, but to regulate the sale of liquors as such. For instance, the sale of whiskey or wine alone on a prescription by a druggist without having complied with the statute is an offense,

while selling a compound of whiskey or wine with other medical ingredients on the prescription of a physician is not a sale of wine or whiskey as such. Besides the Supreme Court has decided that druggists are included within the statute. [State v. Summers, 142 Mo. 586.]

Fourth. Defendant contends that there should have been some person designated in the information to whom the sale of whiskey was alleged to have been made. In prosecutions against druggists it has been so held. But this is not a prosecution against defendant as a druggist. The information in the particular mentioned is similar to that in State v. Summers, supra. In that case its sufficiency was not questioned.

The most serious question presented for our review is the statement made by the court in the presence and hearing of the jury, that if the defendant owned the stock of goods and put his clerk in charge thereof, he was liable for any unlawful act of such clerk, and that the act of the clerk was the act of defendant. As has been seen, the court asked the witness numerous questions for the purpose of eliciting information as to whether defendant was the owner of the goods, whether he was in the employ of defendant and was directed by him to take charge of the goods, and if he sold whiskey. The court remarks that if these things were true, "then it would follow as a matter of law that the act of the agent was the act of defendant," which was tantamount to saying he was guilty of the charge. While the court stated the law correctly, we are not persuaded that the remarks were harmless. The avowed purpose of the court was to ascertain whether certain facts existed which would render the defendant liable for the acts of his clerk. Notwithstanding the court's deduction of law from the facts was correct, it should have been embodied in a written instruction to the jury. It is said that, "Our statute only contemplates that the *media* of transmission of thought between court and

jury shall be by written instructions given in open court.   [McPeak v. Railroad, 128 Mo. 617.]

The remarks of the court were also in the nature of a commentary on the evidence which, under our system of practice, is not admissible.   For the error noticed, the cause is reversed and remanded.   All concur.