STATE of Missouri, Respondent,

v.

Lemon Junior FIELDS, Appellant.

No. 46511.

Supreme Court of Missouri,
Division No. 2.

June 9, 1958.

Motion for Rehearing or to Transfer to Court en Banc Denied July 14, 1958.

Morris A. Shenker, Bernard J. Mellman, St. Louis, for appellant.

John M. Dalton, Atty. Gen., W. Don Kennedy, Asst. Atty. Gen., for respondent.

STOCKARD, Commissioner.

Appellant Lemon Junior Fields was charged with the offense of robbery in the first degree. See Section 560.120 (all statutory references are to RSMo 1949, V.A. M.S.). The information also contained the necessary averments pursuant to Section 556.280, known as the habitual criminal act, that he had previously been convicted of three separate felonies. The jury found appellant guilty of the offense charged, and also found that he had previously been convicted of a felony, and it assessed his punishment at imprisonment in the penitentiary for life.

Appellant has filed a brief in this court. He does not challenge the indictment or the sufficiency of the evidence. A brief statement of the evidence offered on behalf of the state will suffice.

On the night of April 12, 1957, Charles Gaston and Mrs. Barbara Taylor were in a shoeshine parlor located at 4385 St. Louis Avenue in the City of St. Louis. About midnight appellant entered, looked at the pinball machine and the music vendor and then left. Fifteen or twenty minutes later he again entered the parlor. A record was playing on the "juke box" and after appellant played another record he walked to the front window. He asked Mrs. Taylor for a cigarette which she refused to give him. Neither Mrs. Taylor nor Mr. Gaston saw a cigarette, pipe or cigar in his hand. However, while facing the window appellant struck at least one match and possibly more. There is no testimony as to what he did with the lighted match or matches, that is, whether he waved them or held them near his face as though lighting a cigarette. Immediately thereafter three men entered the shoeshine parlor and by force took about $22 from Mr. Gaston. When Mrs. Taylor tried to leave, appellant attempted to restrain her. After a struggle she succeeded in leaving the parlor and she went to the Yukon bar. In a few minutes Mr. Gaston came to the bar, and shortly thereafter appellant came in. Later the three persons who took the money from Mr. Gaston also entered the bar and then they and appellant left together.

It was the position of the prosecution that appellant had intentionally aided and abetted the commission of the crime of robbery and was therefore equally guilty with the persons who actually committed the physical deed. See State v. Chernick, Mo. Sup., 303 S.W.2d 595. It was argued by counsel for the state that the act of appellant in lighting the match or matches while at the window constituted a signal to the three men who entered the parlor and took the money from Mr. Gaston. In the course of the argument to the jury by defense counsel the following occurred:

"Mr. Lang: [defense counsel] When he starts to strike these matches he is supposed to be facing the window. Did any one tell you that he didn't have a cigarette? We don't know whether he had one or not.

"Mr. Cahill: Now, I object to that, your Honor, that was not the testi-

mony. The girl said he did not have any in his hand.

"The Court: Objection sustained. The two witnesses said he had none.

"Mr. Lang: I asked her whether or not * * *.

"The Court: I heard the evidence, and the girl said he had none, and you cannot contradict the record.

"Mr. Lang: You will recall the evidence, ladies and gentlemen."

Very shortly thereafter an objection was made to another matter unrelated to the evidence pertaining to the cigarette, and after ruling on the objection, the trial judge volunteered the following comment: "And you have changed the situation about the cigarette, because I have checked my notes again and she said there was none, and therefore you asked the jury to recall evidence in the face of what the court has declared as a matter of law to be the evidence. There is no question about it."

The substance of the evidence was that neither Mr. Gaston nor Mrs. Taylor gave appellant a cigarette and that they did not see a cigarette *in his hand*. However, when he lit the match or matches he was facing the window with his back to both of them. Under the circumstances the assistant circuit attorney could and did argue vigorously to the jury that appellant did not light a cigarette, but that his act of lighting the match or matches was a signal. In view of the evidence the defense counsel was equally entitled to argue that no witness unequivocally stated that he did not have a cigarette and that "we don't know whether he had one or not." Therefore, the trial court erroneously sustained the objection, and further aggravated the adverse effect of the ruling by making an oral comment on the evidence. Following this improper restriction on the right of defense counsel to comment on and draw inferences from

the evidence, the trial judge then voluntarily stated, in the presence of the jury, that he had declared "as a matter of law" that the witnesses testified that appellant did not have a cigarette when he lit the match. We are convinced that any reasonable jury would have concluded that in view of the fact that the trial court had ruled "as a matter of law" that appellant did not have a cigarette, then by implication he also ruled "as a matter of law" that the act of appellant in lighting the match constituted a signal to those who then came in and committed the robbery.

"The rule is well settled that a fair trial exacts absolute impartiality on the part of the judge as to both his conduct and remarks. A judge must not say anything that can be construed by the jury to the prejudice of a defendant." State v. Castino, Mo. Sup., 264 S.W.2d 372, 375. See also State v. Moore, Mo.Sup., 303 S.W.2d 60, 67. Statements by the trial judge must be considered in connection with the circumstances under which they are made, State v. Van Horn, Mo.Sup., 288 S.W.2d 919, 922, and, generally speaking, it is not error for the trial judge to state to counsel what he recalls the evidence to be in explanation of his ruling. State v. Moore, supra, 23 C.J.S. Criminal Law § 993, p. 353. However, while the comments of the trial judge in this case apparently were addressed to counsel, they were made in the presence of the jury, and they went far beyond a mere statement by the trial judge of his recollection of the evidence. In fact, by the comments the trial judge unequivocally told counsel, and also the jury, what the evidence was "as a matter of law," and inferentially what the evidence was not "as a matter of law." To any reasonable person sitting on the jury this constituted a statement by the trial judge as to what the facts were "as a matter of law." The comments were unwarranted, and they constituted prohibited comments on the evidence as that term is used in Section 546.380 and 42 V.A.M.S. Supreme Court Rule 26.09.

See State v. Drew, Mo.Sup., 213 S.W. 106; State v. Turner, 125 Mo.App. 21, 102 S.W. 599; State v. Potter, 125 Mo.App. 465, 102 S.W. 668; State v. Hyde, 234 Mo. 200, 136 S.W. 316; State v. Taylor, 293 Mo. 210, 238 S.W. 489.

The attorney general cites State v. Crofton, 271 Mo. 507, 197 S.W. 136, and attempts to justify the comments of the trial judge on the basis that defense counsel had misquoted the evidence and that the trial judge was entitled to correct an erroneous recital of the evidence. Regardless of the rule in the cited case, we do not agree with this contention as to the factual situation, and in any event the rule announced in the cited case would not have warranted the trial judge to declare "as a matter of law" what the evidence was and thereby declare to the jury what the facts were.

Appellant also contends that reversible error resulted because the assistant circuit attorney improperly referred in his oral argument to the fact that appellant did not testify, and because the trial judge otherwise unduly restricted appellant's counsel in his argument to the jury.. These are matters which, if they occurred, are not likely to recur. Appellant also complains of the giving of one of the instructions, and he carefully points out wherein he considers it to be deficient. The circuit attorney may redraft the instruction if he considers the objections well taken.

By reason of the prejudicial error above set out, the judgment must be and is reversed, and the cause is remanded.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.