STATE of Missouri, Respondent,

v.

Edward William KELLER, Appellant.

No. 48063.

Supreme Court of Missouri,

Division No. 2.

March 13, 1961.

Ben J. Weinberger, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Joseph H. Birmingham, Jr., Sp. Asst. Atty. Gen., for respondent.

BARRETT, Commissioner.

Edward Keller has been found guilty of statutory rape and sentenced to two years' imprisonment. It is not necessary to relate the facts, it is sufficient for the purposes of this opinion to say that the evidence supports the jury's finding and verdict.

In his motion for a new trial appellant's assignment of error number 4 is that "The court erred *in directing a verdict of guilty by the jury* when he called the jury into open court after the jury had been deliberating upon its verdict for over three and one half hours and stating to the jury that this trial was costing the taxpayers of Jefferson County some $700.00 to try this case and *the court further stated in effect that the court was unable to understand why the jury was taking so much time to find the defendant guilty in this case and further asking the jury if they had not heard the evidence and defendant's confession and then directing the jury to go back and return with a verdict,* all this taking place at a time when the jury had not yet decided on a verdict either as to the guilt or innocence of defendant."

The appellant has not filed a brief in this court and the state makes a twofold response to this particular assignment of error; (1) that while defendant's counsel "objected to the court's remarks as an attempt to influence the jury" counsel did not see fit to "object at that time that the judge was attempting to direct or coerce a verdict" and did not then request a mistrial and (2) that the judge's remarks did not constitute a prohibited summing up or comment on the evidence or an oral charge to the jury in violation of Rule 26.09, V.A.M.R., but that the judge merely indicated the desirability of the jury's reaching a verdict.

In support of its claim that defense counsel's original objection was insufficient the state relies upon State v. Whitaker, Mo., 275 S.W.2d 316. The opinion in that case does say that there was no motion to declare a mistrial or to discharge the jury, but in its context the statement was merely an additional reason for indicating that there had been no objection whatever to the court's remark. The court said, 275 S.W.2d loc. cit. 321, "No objection was made by the defendants at the time to the remarks of the trial judge, and the jury was permitted to be returned to the jury room for further deliberations without there being made any claim of prejudice.

\* \* \* At the time the remarks were made, counsel for the defendants apparently did not believe them to be improper or that the remarks were in any way prejudicial. *The first objection to the remarks of the trial judge were made in the motion for new trial.*" That is not the situation in this case, there is no objection here to the sufficiency and particularity of the assignment in the motion for a new trial, that assignment concededly meets the requirements of Rule 27.-20. Here defense counsel did not move for a mistrial but as the state concedes counsel "objected to the court's remarks as an attempt to influence the jury." Specifically the objection was, "Let the record show the defendant objects to the attempt of the Judge to influence the jury in arriving at a verdict." For the purposes of securing appellate review and as a foundation for convicting the trial court of error there are numerous instances in which it is necessary for defense counsel to go further than merely objecting or excepting to the court's remarks. To illustrate, in State v. Hudson, 358 Mo. 424, 215 S.W.2d 441, 443, it was held that the judge's remarks had not subjected counsel to ridicule or contempt, that the remarks were not a comment on the evidence or an indication that the judge thought the defendant guilty. In that case the judge's remarks were made during the cross-examination of the state's principal witness, and there a specific objection would not have emphasized the harmful effect of the remarks and any impropriety could have been cured by a proper instruction or admonition to the jury. And again, in that case counsel did not at the time consider the remark improper "because he made no objection of any kind to the statement, made no motion to have the jury instructed to disregard the statement, and made no motion for a mistrial." So, generally, the rules require "a party to avoid or cure error at the trial" by specifically requesting the maximum curative relief in objecting to the remarks of the judge. Frequently, however, "beyond calling the judge's attention to the error by timely objection and exception

\* \* \* there is little that the defense can do in a remedial way." Annotation 62 A.L.R.2d 166, 259. In these latter instances, where an instruction, a retraction or an admonition would not or could not erase the force and effect of the court's prejudicial remarks, a mere exception or objection at the time is a sufficient foundation or basis for a specific and particularized assignment in the motion for a new trial. For illustrations see State v. Jones, Mo., 197 S.W. 156; State v. Drew, Mo., 213 S.W. 106, and more recently State v. Fields, Mo., 314 S.W.2d 723, where the only objection appeared in the motion for a new trial. As a detailing of the events and the remarks in their context will reveal, the prejudicial effect of the court's remarks could not have been eradicated and there was but little if anything defense counsel could have done at the time other than to object and except.

After they had deliberated "for some time" the jury sent this note to the court: "We are at odds of the words Rape & Statutory Rape. Is there a difference in meaning of the words. Several will not *convict* on the *word Rape* but still believe the law was violated. Have some that do not think Rape has been committed." Whereupon, the court sent this additional instruction to the jury: "Statutory Rape is sexual intercourse with or without consent of a female, when the female is under 16 years of age. Carnal knowledge or to carnally know, a female, means sexual intercourse with the female." Thereafter the jury deliberated further "for some time" and were then called into the courtroom and the following occurred: The court inquired whether they had been able to agree on a verdict, when informed that they had not the court desired to know whether they had been unable to agree on the guilt or innocence or on the punishment and Juror Hewitt said, "The guilt."

"The Court: *You can all hear very good, can't you?*

"Mr. Hewitt: Yes, sir.

"The Court: *Nobody has trouble hearing, do you; you heard all of the evidence, didn't you? Is there anybody who didn't hear all of it?*

"Mr. Hewitt: Your honor, the note I sent in, I think explains it.

"The Court: Some things I can't answer to the jury, I can't tell you. You are limited to the instructions I give you, I can't comment on it, on the evidence or what means what. *However, I can't understand how a jury would fail to agree in view of the evidence, I just can't understand. I fail to reason.* These trials are pretty expensive to this county and certainly a jury should make every effort possible to agree on a verdict wherever it is possible to do so. There are lots of cases, I know, that there are close questions involved, *but the evidence as introduced on the stand, including the admissions of the defendant, I don't see how the jury could fail to agree on a verdict, at least part of the way, as to the guilt or innocence.* I want you to go back in your room and make a special effort to try to get together on a verdict in this case. These trials are expensive when you have to hold them over again. Try it again. It costs the county $400.00 or $500.00 to try these cases. We shouldn't have to try them over unless there is some very good reason for it. All right, you will all go back to your room and discuss this a while longer and see what you can do with it."

It was to these remarks that defense counsel objected, remarks which the state says were but an admonition as to the desirability of reaching a verdict, not coercive or a prohibited summing up or comment on the evidence. After this admonition and after "further deliberation" the jury returned with a verdict of guilty and assessed the minimum punishment of two years' imprisonment, adding to their verdict, however, the superfluous entreaty, "and ask for leniency of the Court."

As the state contends, it is permissible in criminal trials for the court to temperately suggest or moderately admonish and remind the jury of the importance of agreeing upon a verdict, if reasonably possible. 23 C.J.S. Criminal Law § 1380, p. 1054. Some latitude is accorded the trial judge with respect to his exercise of this discretionary judicial prerogative; even so it is improper for the court to "overemphasize the importance of agreement." Annotation 85 A.L.R. 1420, 1431. Permissible suggestions, admonitions that were not in fact coercive and did not express an opinion as to the merits of the cause, particularly as to the defendant's guilt, have been set forth in several cases. See for example State v. Shelby, 333 Mo. 610, 617–618, 62 S.W.2d 721, 725–726; State v. Stegall, Mo., 327 S.W.2d 900, and the more appropriate and restrained illustration in State v. Roberts, Mo., 272 S.W.2d 190, 192. In this opinion certain of the court's remarks have been italicized because they are indeed not comparable to any of the permitted illustrations. In reminding the jury of the importance of reasonable agreement it is not proper or permissible for the trial judge to "intimate his opinion of the merits" or to use language which directs or coerces a verdict. Annotation 85 A.L.R. loc. cit. 4441. Also, in this jurisdiction, "The court shall not in the trial of the issue in any criminal cause orally sum up or comment upon the evidence or charge the jury as to any matter of fact" (Sup.Ct.Rule 26.09), or, in short, comment on the weight and sufficiency of the evidence. Annotation 10 A.L.R. 1116; 23 C.J.S. Criminal Law § 993, p. 349; State v. Fields, supra; State v. Taylor, 293 Mo. 210, 238 S.W. 489. It is not necessary in this opinion to characterize the court's admonition, the statements emphasized in the quotation are self-explanatory and it is sufficient to say that they were manifestly improper. Nothing was or could have been done to eradicate the manifestly prejudicial effect of the statements (State v. Fields, supra; State v. Castino, Mo., 264 S.W.2d 372, 375; 62 A.L.R.2d

loc. cit. 259) and, therefore, the judgment is reversed and the cause remanded.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.