STATE of Missouri, Respondent,

v.

Robert LOMACK, Appellant.

No. 38924.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 5, 1978.

Motion for Rehearing and/or Transfer
Denied Sept. 15, 1978.

Application to Transfer Denied
Oct. 10, 1978.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Jack White, Asst. Circuit Atty., St. Louis, for respondent.

Robert C. Babione, Public Defender, Joseph W. Warzycki, Asst. Public Defender, St. Louis, James M. Smith and Michael P. David, for appellant.

CLEMENS, Presiding Judge.

Defendant Robert Lomack has appealed · his first degree robbery conviction for which he was sentenced to five years' imprisonment.

On December 11, 1975 a robbery occurred at a liquor store as the owner, his wife, and an employee were opening it for business. A man wearing a pulled-up ski mask and holding a gun followed the three into the store. The owner testified the man did not pull down the ski mask to cover his face until his wife exclaimed, "Robert Lomack." The wife stated she recognized the man as Robert Lomack while he was running across the parking lot and after he had entered the store. The employee testified that as the man ran across the parking lot he recognized him as a long-time customer. Defendant was identified as the robber by the employee at a lineup and in court.

Defendant alleges the trial court erred by improperly commenting on evidence during defense counsel's cross examination of the employee. We agree and reverse and remand for a new trial.

The employee testified that "he came running across, he came running across the parking lot with a ski mask on and then he pulled it up, you know." Defense counsel was questioning the employee about this statement when the incident in question arose:

Q. "And a man came running up with a ski mask on and then pulls it up so you can look at his face—

THE COURT: "He never said he was running."

Defense counsel then asked and was permitted to approach the bench, and the following proceedings occurred outside the hearing of the jury:

MR. WARZYCKI: "Your Honor, at this time I object to the court interjecting himself in the case. I believe this is a cross examination and I have leeway in determining—bringing out the—

THE COURT: "Overruled, and you don't have any leeway to misquote the testimony. The man never said he was running. He said he came across the lot."

 We note the well-settled rule that a fair trial exacts absolute impartiality by the judge. A judge must not say anything that can be construed by the jury to the prejudice of defendant. *State v. Castino*, 264 S.W.2d 372[3–5] (Mo.1954). "Even if counsel or others should be guilty of mis-

conduct the judicial calmness and the dignity and the self-restraint and obvious impartiality of the judge must always be maintained and made manifest. . . . We know that juries are inclined to draw conclusions and are quite sensitive to any indications of the judge's belief as to the merits of the issue being tried." *State v. Montgomery*, 363 Mo. 459, 251 S.W.2d 654[3] (1952). It is fundamental that the trial court in a criminal case shall not sum up or comment on the evidence or charge the jury as to any matters of fact. Rule 26.09, VAMR.

In *State v. Fields*, 314 S.W.2d 723 (Mo. 1958), the trial court was reversed for interjecting itself in defense counsel's closing arguments by contradicting his statements and declaring "as a matter of law" one possible inference from the evidence. Although the comments were directed to counsel, they were made in the presence of the jury. The court found the comments violated Rule 26.09, VAMR, and remarked, "To any reasonable person sitting on the jury this constituted a statement by the trial judge as to what the facts were 'as a matter of law.'" *Fields, supra*, at 725.

The distinguishing characteristics of *Fields* were examined in *State v. Ball*, 529 S.W.2d 901[24, 25] (Mo.App.1975). First the trial judge volunteered his comments in *Fields*. If the remark had been addressed to counsel in ruling upon an objection, it would have been proper. *State v. Selman*, 391 S.W.2d 193[2] (Mo.1965). Second, the trial judge in *Fields* stated what the facts were "as a matter of law." However, we do not interpret the use of the legal maxim "as a matter of law" as a distinguishing characteristic. As noted above, a judge must say nothing that can be construed by the jury to the defendant's prejudice. *Castino*, at [3–5]. Accordingly, application of *Fields* requires a comment in violation of Rule 26.09 which (1) was volunteered by the trial judge, (2) was not made in response to an objection as part of the court's ruling, (3) was made in the presence of the jury, and (4) could have been construed by the jury to the prejudice of the defendant.

Here, the trial judge not only improperly commented on the evidence in violation of Rule 26.09 but he also was incorrect. *State v. Phelps*, 478 S.W.2d 304[16–18] (Mo.1972), holding an improper remark might not be prejudicial if it was correct, is not applicable. The remark here was volunteered by the trial judge, not made in response to an objection as part of the court's ruling. The comment was made in the presence of the jury. Defendant was unfairly prejudiced by the comment because it precluded a defense contention that the robber's approach was so sudden as to prevent a good identification.

The state contends any possible prejudice resulting from the court's comment was cured by having read Instruction No. 1, MAI–CR 2.01 warning the jury that the court's remarks are not to be considered as evidence. The fallacy of this argument is that if carried to its logical conclusion, it would condone every prejudicial comment and render Rule 26.09, VAMS, meaningless.

The proper approach was stated in *Castino, supra*, at [3–5], holding that if the damaging effects of a trial judge's improper remarks can be cured by admonishing the jury, the remarks are usually held not prejudicial where such steps are timely taken by the judge. Here, the only time an admonition could have had the desired effect was when defense counsel objected to the interjection. That objection was overruled. The prejudicial effect of the court's comment was the diminution of the defense strategy of mis-identification and the preliminary instruction to the jury did not cure it.

The judgment is reversed and the cause remanded for a new trial.

SMITH and McMILLIAN, JJ., concur.