

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FIVE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED111089 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| vs. | ) | |
| | ) | Honorable Jeffrey T. Coleman |
| JAMES D. CUMMINGS, | ) | |
| | ) | |
| Appellant. | ) | FILED: March 19, 2024 |

### Introduction

James D. Cummings ("Cummings") appeals from his convictions and sentence following a jury trial on four counts of first-degree assault against special victims and four counts of armed criminal action. Cummings raises three points on appeal. Point One claims the trial court abused its discretion in not making a finding that Cummings was lawfully on his property and reasonably believed police officers were making an unlawful entry when he shot at them during his eviction. Point Two argues the trial court abused its discretion in not reading Section 535.030[1] to the jury because the statute provided Cummings ten days to appeal from the issuance of an eviction judgment in a rent-and-possession case. Cummings maintains that reading Section 535.030 to the jury would have allowed the jury to find Cummings was lawfully present on the property when police officers sought to evict him, which was only three days after the judgment

---

[1] All Section references are to RSMo (Cum. Supp. 2019), unless otherwise noted.

was issued.  Lastly, Point Three seeks resentencing to make the plainly erroneous written sentence conform to the orally pronounced sentence.  In his first two points on appeal, Cummings seeks relief that is not cognizable under Missouri law because a trial court in a criminal jury trial cannot comment on the evidence by issuing findings of fact or law.  Nor may the trial court instruct the jury on the law by any means other than jury instructions.  Cummings did not request jury instructions on the issues he raises in his first two points on appeal.  Further, Cummings proffered the self-defense instruction that he now maintains did not include any statement relating to his entitlement to possess the property at issue and the police officers' unlawful entry onto the property.  By not incorporating these factual assertions into his proffered jury instruction, Cummings has affirmatively waived any challenge to that instruction.  We therefore deny Points One and Two.  Because the written notations of "999 Years" on the assault counts materially differed from the trial court's oral pronouncement of life terms, Cummings's sentence is plainly erroneous.  Accordingly, we reverse and remand the cause to the trial court for sentencing consistent with this opinion.

Factual and Procedural History

The following synopsis is limited to only those facts necessary to resolve the appeal. Cummings rented property (the "Property") owned by a Missouri State Highway Patrol officer ("S.D.").  S.D. filed a petition against Cummings for unpaid rent and immediate possession. Following trial, the circuit court entered judgment on August 13, 2019 (the "Eviction Judgment") ordering Cummings to pay S.D. back-due rent and to immediately vacate the Property.  The Eviction Judgment stated that "if [Cummings] fails to vacate the [Property], then the Sheriff of Carter County, Missouri is hereby authorized and ordered to forcefully remove [Cummings] from the [Property][.]"

2

Three days later, on August 16, 2019, police officers executed the Eviction Judgment. Police officers entered onto the Property, knocked on the door of the house, and announced themselves and their intention to evict Cummings. Cummings refused to exit the Property. Cummings testified that he had planned that morning to go to the courthouse to file an appeal in his eviction proceeding. Cummings testified that the police officers told him they were there with S.D. to evict him and that he needed to open the door or they would come inside. Cummings said he viewed those statements as threats by the police officers to shoot and kill him because of his past negative interactions with S.D. and other law enforcement, so he grabbed his rifle. When the police officers gained entry by kicking open the door, Cummings immediately shot at them. Cummings injured two police officers, one of whom suffered thirteen gunshot wounds.

The trial court granted the State's pre-trial motion in limine to prevent Cummings from challenging the validity of the Eviction Judgment. The State alternatively argued that the Eviction Judgment was valid but that, even if not valid, permitting Cummings to collaterally attack the Eviction Judgment would be contrary to the good-faith exception afforded to officers when acting under what appears to be a valid court order. Cummings requested the trial court take judicial notice of the rent-and-possession case and moved for the trial court to reconsider its ruling. Cummings argued and specifically moved the trial court to make findings that included the following: (1) that eviction judgments are not final until after the ten-day period during which a defendant may appeal pursuant to Section 535.030.4; (2) that the Eviction Judgment was not a final judgment on the day Cummings was evicted because he had ten days to appeal; and (3) that Cummings was lawfully entitled to possession on the date of his eviction and police officers entered onto his Property illegally.

3

The trial court denied Cummings's request to make the proposed findings. The trial court noted that its evidentiary ruling was interlocutory only, the ruling was not a limitation on Cummings's defenses, and that it would address the issues raised with respect to the rent-and-possession case if and when such issues arose during the presentation of evidence, such as through defense testimony. Cummings requested to submit his proposed findings as an offer of proof (the "Proposed Findings"), which the trial court permitted over the State's objection.

Following the State's case-in-chief, Cummings testified in his own defense. Cummings testified that he believed he was justified in defending against the police officers' entry onto the Property because he had a right to file an appeal from the judgment of eviction, and "that appeal should not be infringed on by any person[.]" Cummings continued: "I felt as though by exercising my second amendment right that it's my belief that if someone's life is in danger that they're allowed to protect it."

During the jury instruction conference, Cummings proffered a castle doctrine self-defense instruction,[2] which the trial court approved and read to the jury. Cummings did not proffer any instructions relating to the Eviction Judgment or Section 535.030.

The jury found Cummings guilty on all counts. The trial court orally sentenced Cummings to life imprisonment on each of the four first-degree assault counts and fifty years in prison on each of the four armed-criminal action counts, with all counts to run consecutively. The written judgment sentenced Cummings to "999 Years" on each assault conviction. Cummings now appeals.

---

[2] Relevant to this appeal, the castle doctrine permits a person to use deadly force to defend against what he or she reasonably believes to be the use or imminent use of unlawful force by another who unlawfully enters or attempts to unlawfully enter a dwelling, residence, or vehicle lawfully occupied by such person. State v. Straughter, 643 S.W.3d 317, 321–22 (Mo. banc 2022) (citing Section 563.031, RSMo (2016)).

4

Points on Appeal

Cummings raises three points on appeal. Point One claims the trial court abused its discretion in overruling Cummings's offer of proof and refusing to make a finding that Cummings lawfully possessed the Property at the time of eviction because the Eviction Judgment was not final under Section 535.030. Had the Proposed Findings been read to the jury, Cummings reasons the jury could have found that he was in lawful possession of the Property and entitled to the reasonable use of deadly force to defend against the police officers' unlawful entry onto the Property. Point Two argues the trial court abused its discretion in overruling Cummings's request the trial court read or otherwise submit Section 535.030 to the jury because the statute's ten-day appeal window showed the Eviction Judgment was not final or executable at the time of the eviction, such that Cummings was entitled to the reasonable use of deadly force against the police officers' unlawful entry. Point Three maintains the trial court plainly erred in sentencing Cummings to "999 Years" because the sentence materially differed from the trial court's oral pronouncement of a life sentence for each of the four counts of first-degree assault and fifty years in prison on each of the four armed-criminal action counts.

Discussion

**I.      Points One and Two—Proposed Findings and Section 535.030**

    A.      Standard of Review

We review a trial court's evidentiary ruling for an abuse of discretion. State v. Campbell, 675 S.W.3d 223, 228 (Mo. App. E.D. 2023) (citing State v. Taylor, 466 S.W.3d 521, 528 (Mo. banc 2015)). A trial court abuses its discretion "only if its decision is 'clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration.'" Id. (quoting Taylor, 466 S.W.3d at 528). We review evidentiary error "for prejudice, not mere error[.]" Taylor, 466 S.W.3d at 528 (internal quotation omitted).

5

B.      Point One—Proposed Findings

Cummings first challenges the trial court's refusal to make the Proposed Findings.

Cummings's Proposed Findings contained both statements of fact and law.  The State counters

that Cummings identifies no judicial authority for a trial court to make findings of fact in a

criminal trial beyond instructing the jury that it must determine the facts from the evidence

presented.  We agree.

## 1.      Findings of Fact

Missouri law unequivocally prohibits a trial court from issuing findings of fact during a

criminal jury trial because commenting on the evidence invades the province of the jury.  See

State v. Moore, 303 S.W.2d 60, 67 (Mo. banc 1957) (internal citations omitted).  "In the trial of

any criminal case the court shall not, in the presence of the jury, sum up or comment on the

evidence."  Rule 27.06.[3]  The long-standing rule has also been codified:

> The court shall not, on the trial of the issue in any criminal case, sum up or comment
> upon the evidence, or charge the jury as to matter of fact, unless requested to so do
> by the prosecuting attorney and the defendant or his counsel; but the court may
> instruct the jury in writing on any point of law arising in the cause.

Section 546.380, RSMo (2016).  A trial judge may not issue findings of fact to the jury, which

must reach its own factual determinations.  See State v. Ball, 529 S.W.2d 901, 908 (Mo. App.

1975) (citing State v. Fields, 314 S.W.2d 723, 725–26 (Mo. 1958)).  A trial court commits

prejudicial error by "stat[ing] what the facts were 'as a matter of law.'"  Id. (citing Fields, 314

S.W.2d at 725).  "It is fundamental to our criminal law system that the court's function is to

declare the law and the jury's function is to apply the law."  State v. Jackson, 433 S.W.3d 390,

411 (Mo. banc 2014) (Stith, J., concurring in part and dissenting in part) (citing United States v.

Gaudin, 515 U.S. 506, 513 (1995); Sparf v. United States, 156 U.S. 51, 102 (1895)).  "No matter

---

[3] All Rule references are to Mo. R. Crim. P. (2024).

how strong, airtight, inescapable, or even absolutely certain the evidence and inferences in support of the differential element may seem to judges and lawyers . . . no inference *ever* is drawn in a criminal case until all [twelve] jurors draw it." Id. at 399–400.

The trial court did not err in refusing to make the Proposed Findings because doing so would have offended inviolable precepts under which our courts operate and would have invited error. See Rule 27.06; Section 546.380, RSMo (2016); Ball, 529 S.W.2d at 908 (citing Fields, 314 S.W.2d at 725) (noting a trial court errs in stating facts as matters of law in a jury trial).

Cummings's fundamentally improper request to have the trial court issue findings of fact at his criminal trial is compounded on direct appeal, where he bears the burden to demonstrate *trial court* error. See McLaughlin v. State, 378 S.W.3d 328, 345 (Mo. banc 2012) (noting direct appeals challenge a trial court's actions, such as an unfavorable evidentiary ruling, while post-conviction appeals challenge counsel's actions, such as failing to make an adequate offer of proof). While narrative offers of proof are acceptable in some situations, such offers must be specific and not merely conclusions of counsel. Campbell, 675 S.W.3d at 228 (internal quotations omitted). Cummings's Proposed Findings contained both factual and legal conclusions of counsel. See id.

We note that an offer of proof is intended to preserve a claim of error regarding the exclusion of *evidence* at trial. Here, the record clearly shows that although the trial court denied Cummings's request to issue the Proposed Findings to the jury, the trial court explicitly noted it was *not* preventing Cummings from adducing evidence at trial relating to his defense of lawful possession (and the corollary of the police officers' unlawful entry). See id. The trial court expressly stated it would not be able to rule on the findings requested by Cummings until and unless the evidence came up during witness testimony. The trial court acknowledged that

7

some of the issues within the Proposed Findings may later come into the record depending on Cummings's argument and testimony. The trial court indicated it was for the trier of fact to decide what conduct was reasonable and not for the trial court to issue such findings in an interlocutory ruling. The trial court's evidentiary ruling reflects careful consideration of the fact-finding province of the jury in a criminal trial. See Rule 27.06; Section 546.380, RSMo (2016); Ball, 529 S.W.2d at 908 (citing Fields, 314 S.W.2d at 725–26). Cummings does not and cannot argue on appeal that the trial court prevented him from adducing evidence about the impact of the Eviction Judgment on his self-defense claim. Cummings was permitted to introduce evidence at trial that he was legally entitled to be on his Property at the time of the incident due to the ten-day statutory period for appeals from eviction judgments. Cummings was permitted to introduce such evidence and did so. Cummings provided the jury the Eviction Judgment and its petition, and he testified why he believed he was entitled to defend himself on the Property with deadly force. The record reveals no action or order of the trial court that would have precluded Cummings from proffering an expert witness to testify regarding the finality and executability of the Eviction Judgment when the police officers entered onto the Property to evict Cummings.

### 2. Findings of Law

The Proposed Findings contain mixed statements of fact and law, including a finding of law that Cummings was legally entitled to possession of the Property at the time of the incident. The State agrees that a trial court has a duty to instruct the jury on the law, but argues that a trial court may only instruct the jury on the law through jury instructions. The State then emphasizes that Cummings did not request that the trial court instruct the jury on the issues presented in Point One, nor is Point One framed as a jury instruction challenge.

"It is settled in this state that 'the jury is to obtain the law only from approved jury instructions.'" State v. Brown, 577 S.W.3d 870, 877 (Mo. App. W.D. 2019) (quoting Eckelkamp

8

v. Burlington N. Santa Fe Ry. Co., 298 S.W.3d 546, 552 (Mo. App. E.D. 2009)). "The purpose of instructions is to guide the jury in reaching a just verdict by informing the jurors of the law as it is to be applied to the evidence they have heard." Eckelkamp, 298 S.W.3d at 552 (internal citation omitted). A trial court "may instruct the jury in writing on any point of law arising in the cause." Section 546.380, RSMo (2016). Indeed, "[i]n every trial for a criminal offense the court shall instruct the jury in writing upon all questions of law arising in the case that are necessary for their information in giving the verdict." Rule 28.02(a). Missouri rules prescribe detailed procedures by which a party must request instructions on particular points of law:

> At the close of the evidence, or at such earlier time as the court may direct, counsel *shall* submit to the court instructions and verdict forms that the party requests be given. Instructions and verdict forms that a party requests shall be submitted in writing with an original and one copy for the court and one copy for each party. Each copy shall contain a notation at the end of the instruction as follows: "MAI-CR[4] __", "MAI-CR __, Modified", or "Not in MAI-CR __", as the case may be.

Rule 28.02(b) (emphasis added). The rule also provides for the submission of modified or non-MAI-CR instructions where the MAI-CR are not applicable. Rule 28.02(d). Regarding instructional error, "[t]he giving or failure to give an instruction or verdict form in violation of this Rule 28.02 or any applicable Notes On Use shall constitute error, the error's prejudicial effect to be judicially determined, provided that objection has been timely made pursuant to Rule 28.03." Rule 28.02(f).

> Counsel shall make specific objections to instructions or verdict forms considered erroneous. No party may assign as error the giving or failure to give instructions or verdict forms unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection. Counsel need not repeat objections already made on the record prior to delivery of the instructions and verdict forms. The objections must also be raised in the motion for new trial in accordance with Rule 29.11.

Rule 28.03.

---

[4] Missouri Approved Instructions–Criminal.

To the extent that Cummings requested the trial court to make findings of law outside of giving the jury instructions to the jury, the trial court properly refused. See Brown, 577 S.W.3d at 877 (quoting Eckelkamp, 298 S.W.3d at 552). Further, we are limited to reviewing the claims Cummings has raised on appeal, and Cummings's brief raises no claim of instructional error. See State v. Hughes, 84 S.W.3d 176, 180 (Mo. App. S.D. 2002) (citing Mo. R. Civ. P. Rule 84.04(e); Helmig v. State, 42 S.W.3d 658, 666 (Mo. App. E.D. 2001)) ("Review on appeal is limited to the issues framed by the Appellant's point relied on."). At oral argument, Cummings acknowledged that he raised no claims of instructional error. However, Cummings now invites this Court to treat his motion for the trial court to make the Proposed Findings as an equivalent request to submitting written proffered jury instructions in a jury instruction conference pursuant to Rule 28.02. We reject Cummings's invitation as we are without authority to accept it, and Cummings offers no authority otherwise. See Rules 28.02, 28.03; see also Rios v. State, 368 S.W.3d 301, 312 (Mo. App. W.D. 2012) (citing Mo. R. Civ. P. Rule 84.04(d)) (noting we must deem a claim abandoned in the absence of cited authority). Cummings cannot transform his evidentiary claim into a claim of instructional error.

We again note that the trial court expressly limited the challenged ruling to declining to issue findings of fact or law. The ruling did not preclude argument or evidence relating to the rent-and-possession case as relevant to Cummings's castle doctrine defense for purposes other than challenging the validity of the Eviction Judgment, such as establishing Cummings's state of mind regarding the lawfulness of his right to possess the Property and the unlawfulness of police officers' entry onto the Property for the express purpose of evicting him.[5] Because Cummings

---

[5] Similarly, while the motion in limine granted by the trial court barred Cummings from collaterally attacking the Eviction Judgment by "offering testimony or argument" regarding its validity, said parameters of the motion in limine did not limit or preclude Cummings from presenting testimony or argument about the rent-and-possession case for other purposes, such as establishing Cummings's state of mind and other defense theories.

identifies no error in the trial court's refusal to make either findings of fact or law in his jury trial, the trial court committed no abuse of discretion. See Campbell, 675 S.W.3d at 228 (citing Taylor, 466 S.W.3d at 528). Point One is denied.

A.    Point Two—Section 535.030

Point Two argues the trial court abused its discretion in refusing to read or otherwise submit Section 535.030[6] to the jury. Like Point One, Point Two is framed as an evidentiary error and not as an instructional error. Specifically, Cummings challenges the trial court's refusal to admit Section 535.030 into evidence and send it to the jury. Cummings posits that he submitted a copy of Section 535.030 as an exhibit along with the petition from the rent-and-possession case, but the trial court accepted only the petition into evidence and not the statute.

Preliminarily, the State argues Point Two is multifarious for implicating both evidentiary and instructional error. See Farr v. State, 665 S.W.3d 394, 399 (Mo. App. S.D. 2023) (quoting Kirk v. State, 520 S.W.3d 443, 450 n.3 (Mo. banc 2017)) (noting multifarious points relied on, which present separate inquiries requiring discrete analyses, violate Mo. R. Civ. P. Rule 84.04(d) and preserve nothing for review). Specifically, Cummings first argues in Point Two that the trial court erred in not admitting Section 535.030 into evidence. Cummings next maintains that the trial court erred because the castle doctrine jury instruction given to the jury by the trial court did not incorporate Section 535.030 in that it did not mention the ten-day period for appeals and Cummings's entitlement to possession on the day of the eviction. We find the point relied on is less about raising two distinct issues and more about trying to shoehorn an unpreserved claim of

---

[6] "The defendant has ten days from the date of the judgment to file a motion to set aside the judgment or to file an application for a trial de novo and unless the judgment is set aside or an application for a trial de novo is filed within ten days, the judgment for possession will become final and the defendant will be subject to eviction from the premises without further notice. On the date judgment is rendered if the defendant is in default, the clerk of the court shall mail to the defendant at the defendant's last known address by ordinary mail a notice informing the defendant of the foregoing." Section 535.030.4.

instructional error into an evidentiary claim, which, as in Point One, misapprehends the rules of criminal and appellate procedure.

The State correctly notes that if Cummings wanted the jury to consider the impact of Section 535.030 on the lawfulness of the police officers' entry, the proper way to do so was to offer the trial court a modified version of the self-defense instruction. Fatal to his point, Cummings did not submit to the trial court any such modification of the self-defense jury instruction. See Rule 28.02(b)–(d); see also Brown, 577 S.W.3d at 877 (quoting Eckelkamp, 298 S.W.3d at 552) (noting "[i]t is settled in this state that 'the jury is to obtain the law only from approved jury instructions'").

More critically, even were we to construe Point Two as a claim of unpreserved instructional error, Cummings affirmatively waived plain-error review because he proffered the self-defense instruction that the trial court gave to the jury. A defendant invites error and waives plain-error review when he proffers, either on his own or jointly with the State, the very instruction he seeks to challenge on appeal. State v. Clay, 533 S.W.3d 710, 714 (Mo. banc 2017) (citing State v. Bolden, 371 S.W.3d 802, 805–06 (Mo. banc 2012)). A defendant who "actively collaborated in drafting the instruction he now asserts was erroneous . . . 'may not take advantage of self-invited error[.]'" Clay, 533 S.W.3d at 715 (quoting Bolden, 371 S.W.3d at 806). Here, the trial court gave the jury the castle doctrine self-defense instruction that Cummings drafted and proffered to the trial court. Cummings may not now argue on appeal that the trial court erred in giving the jury instruction that he requested. See id. Point Two is denied.

## II.     Point Three—Sentencing Error

Point Three argues the trial court's judgment reflects plain error in sentencing Cummings to "999 Years" on his convictions for first-degree assault because the sentence materially differed from the trial court's oral pronouncement of the sentence and resulted in manifest

12

injustice. Specifically, the trial court orally sentenced Cummings to life imprisonment on each of the four assault counts and fifty years in prison on each of the four armed-criminal action counts, with all counts to run consecutively. The State concedes Point Three should be granted. Both parties request the cause be remanded to the trial court to correct the written sentence.

Because trial counsel did not object at sentencing or otherwise challenge the trial court's execution of the written judgment, Cummings requests we review the claim for plain error under Rule 30.20. We "will not review a claim for plain error unless the claimed error 'facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted.'" Id. at 714 (internal quotation omitted). "[B]eing sentenced to a punishment greater than the maximum sentence for an offense constitutes manifest injustice or miscarriage of justice meriting plain error review." State v. Hardin, 429 S.W.3d 417, 419 (Mo. banc 2014) (citing Rule 30.20; State v. Severe, 307 S.W.3d 640, 642 (Mo. banc 2010)).

A written sentence must conform to the sentence orally pronounced at the sentencing hearing. See State v. Clark, 494 S.W.3d 8, 14 (Mo. App. E.D. 2016) (internal citation omitted). "If there is a material difference between the [trial] court's oral pronouncement of sentence and the written judgment, the oral pronouncement controls." Id. (internal citation omitted). We have held that sentences materially differ when "they have a different effect on determining parole eligibility dates." Id. at 494 (citing Hardin, 429 S.W.3d at 420) (noting that life sentences and sentences of a term of years have different parole consequences). Point Three is granted. We remand for the trial court to enter a corrected written judgment that conforms to the trial court's oral pronouncement at sentencing.

13

<u>Conclusion</u>

The judgment of the trial is reversed and remanded for the trial court to resentence Cummings consistent with this opinion.

_____
KURT S. ODENWALD, Judge

Thomas C. Clark II, C.J., concurs.
James M. Dowd, J., concurs.

14