# THE STATE v. WILLIAM CROFTON, Appellant.

### Division Two, July .16, 1917.

1. **REMARKS OF ATTORNEY:** Reference to Defendant's Failure to
   Testify Concerning Another Murder: Cured by Instructions.  In his
   argument to the jury the attorney for defendant, being tried for
   murder, said that "the State has not attempted to prove that a
   killing was done by defendant in Iowa, because it did not hap-
   pen."  Replying to this statement in his closing argument, the
   circuit attorney, among other things not impertinent, said: "And
   let me call your attention to this fact, that the defendant was
   on the stand and he did not deny the Iowa episode."  There was
   no evidence of the Iowa crime.  *Held*, that, without more, the
   circuit attorney's remark would have been prejudicial, but its
   harmful effect was cured by an express direction by the court
   to the jury, at the close of the circuit attorney's argument, not
   to consider any reference to the alleged Iowa crime and not to
   be influenced thereby.

2. ORAL INSTRUCTION: Withdrawal of Evidence. An oral direction to the jury that there is no evidence before them that defendant had killed a man in Iowa and directing them not to consider any reference to such crime made by attorneys in the course of their inquiries or arguments, is not in the nature of an instruction and need not be in writing.

Held, by FARIS, J., concurring, that the withdrawal of the evidence was in defendant's favor, and in view of the statute (Sec. 5115, R. S. 1909) declaring that no judgment shall be stayed, arrested or in any manner affected "for any error at the instance or in favor of the defendant," he cannot complain that the direction was not in writing; but if what was orally said to the jury by the court had been unfavorable to defendant, a different question might be present for consideration.

3. INSTRUCTIONS: No Exceptions Saved in Motion. An assignment in the motion for a new trial that "the instructions of the court do not properly declare all the law in the case" means nothing more than that the court erred in the omission of proper instructions, and not in the giving of improper ones, and is insufficient to authorize a reversal on the ground that the court gave the cautionary instruction concerning defendant's credibility as a witness condemned in State v. Finkelstein, 269 Mo. 612.

4. ————: Review: Appellate Rule. Only such instructions as are complained of in the motion for a new trial will be considered on appeal, and that means that the instructions complained of should be at least designated in such a manner that the objections thereto may be singled out and passed upon by the appellate court.

Appeal from. St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*Joseph G. Williams* and *I. A. Rollins* for appellant.

(1) Sec. 5231, R. S. 1909, fourth subdivision, is as follows: "Whether requested or not, the court must instruct the jury in writing upon all questions of law arising in the case which are necessary for their information in giving their verdict." Section 5244 is: "The court shall not on the trial of the issue in any criminal case sum up or comment upon the evidence or charge the jury as to matter of fact—but the court may instruct the jury in writing on any point of law arising in the cause." The instructions are expressly required to be

in writing.    State v. Cooper, 45 Mo. 65.    There is no
authorization, at the request or by the consent of the
parties, to give oral instructions as to matters of law.
State v. DeWitt, 152 Mo. 86; State v. Shipley, 174 Mo.
512; Haynes v. Trenton, 108 Mo. 123; State v. Hess, 240
Mo. 159.    (2) Where the prosecutor and the trial judge
are personally known to the jurors as men in whose
judgment and veracity they had confidence, the remarks
of the prosecutor and the comment of the court no doubt
carries great weight.    State v. Ferguson, 152 Mo. 192;
State v. Wigger, 196, Mo. 90; State v. Phillips, 233 Mo.
299.

*Frank W. McAllister,* Attorney-General, and *E. M.
Connor* for the State.

(1) Appellant complains that the court erred in giv-
ing instruction number 10 on its own motion.    The tenth
instruction is not before this court for review.    To prop-
erly bring this instruction before this court for review
defendant must specifically set it out in his motion for
new trial.    Sec. 5285, R. S. 1909; State v. Snyder, 263
Mo. 664; State v. Price, 263 Mo. 276; State v. Chissell,
245 Mo. 549; State v. Finkelstein, 191 S. W. 1002; State
v. McBride, 265 Mo. 594; State v. Levy, 262 Mo. 190;
State v. Douglass, 258 Mo. 281; State v. Gifford, 186 S.
W. 1060; State v. Knapp, 187 S. W. 1180.    (2) The rec-
ord shows that the assistant circuit attorney desisted in
his objectionable remarks and at the close of the address,
and at end of all the argument, the court directed the
jury to pay no attention to them, so that they went to
the jury room with this judicial adjuration ringing in
their ears.    Yet appellant objected.    These remarks did
not amount to an instruction by the court.    Had the
remarks amounted to an instruction by the court, de-
fendant could not complain, as they would be decidedly
in his favor.    The court, by his direction to the jury,
to disregard them, counteracted any baneful influence
they might have had on the jury or any prejudice that
may have been created in their minds against the de-
fendant by reason thereof.    State v. Hock, 118 Mo. 97;

State v. Anderson, 126 Mo. 542; State v. Edie, 147 Mo. 546; State v. Emory, 79 Mo. 463; State v. Stark, 72 Mo. 39; State v. Taylor, 134 Mo. 109; State v. Hyland, 144 Mo. 302; State v. Punshon, 133 Mo. 59; State v. Musick, 101 Mo. 260; State v. Miles, 199 Mo. 530; State v. Lewis, 264 Mo. 420; State v. Gordon, 253 Mo. 510; State v. Raftery, 252 Mo. 72; State v. Larkin, 250 Mo. 218.

WALKER, P. J.—The defendant was charged with murder in the second degree and upon a trial was convicted and sentenced to ten years' imprisonment in the penitentiary. From this judgment he appeals.

An altercation occurred between the defendant and one William Carter on the night of April 10, 1915, near the corner of Ninth and Madison streets in the city of St. Louis, resulting in the stabbing of Carter by defendant and the former's death a few minutes thereafter.

The evidence is indefinite as to the beginning of this difficulty, save that it originated in a saloon near at hand out of which the parties had emerged just before they were seen scuffling on the street. An account in detail of this transaction is not necessary, as there is no feature of the defense requiring a discussion of the evidence.

I. Remarks made by the circuit attorney in his closing argument are assigned as error. It appears that counsel for defendant, referring to certain **Remarks of Attorney.** questions that had been propounded by the circuit attorney during the trial, said that "the State had not attempted to prove that a killing was done by the defendant in Iowa, because it did not happen." Replying to this statement in his closing argument, the circuit attorney said: "I leave to you the question of whether or not there is any foundation for the insinuation thrown out by my friend that there has been any over-zealousness. I want to dwell just a moment on that. He said 'the State had not attempted to prove that a killing was done by this defendant in Iowa, because it did not

happen.' Let me call your attention to the trick there. The gentleman is a lawyer and knows that the State is limited and that if the State was to attempt to do cerain things and to ask certain questions over the objection and protest of his counsel it would be error and there would be granted a new trial. And let me call your attention to this fact that the defendant was on the stand and he did not deny the Iowa episode.''

The burden of this remark under a reasonable interpretation cannot be said to be prejudicial unless it be the last sentence of same. If there was no evidence, as it subsequently appeared was the fact, of the alleged Iowa crime, it was not incumbent on the defendant to deny it, as is implied by the remark of the circuit attorney. Without more, therefore, we are inclined to the conclusion that the remark would have tended to prejudice the minds of the jury against the defendant by creating the impression that defendant had previously committed a like offense to that for which he was being tried. Despite the fact that defendant's objection to this remark was overruled at the time, upon the close of the circuit attorney's argument the court expressly excluded from the consideration of the jury any reference to the alleged Iowa crime, stating explicitly that there was no evidence to sustain such a charge, and therefore defendant was not called upon to deny the same. This action was sufficient to remove any bias which might have been produced by the remark, especially when coupled with the court's express injunction that the jury was not to be influenced thereby in its finding. There are instances where remarks made by counsel are of such a nature that the sustaining of objections thereto will not suffice to remove from the minds of the jury the prejudice they produce. The error here complained of, however, is not of that character, but it was of such a nature that the statement of the court was sufficient to remove any prejudice that otherwise might have been produced by same.

II.   Defendant complains of the action of the trial court in directing the jury to disregard certain remarks of the circuit attorney.   The language em-

Oral Instructions.   ployed by the court was as follows:

"Gentlemen, the court feels it should make this statement to you.   The circuit attorney, in his final argument, made reference to the fact that the defendant did not on the witness stand deny that he had killed somebody in Iowa.   In that connection, I think the court should state to you that there was no evidence that the defendant had done so.   The circuit attorney, in his questions to certain witnesses, asked whether they had heard he had done so, and they said they had not heard it, but there was no evidence before the jury that he had actually killed a man in Iowa and therefore there was nothing for him to deny.   I think that explanation should be made; I think that meets the objection made to the court."

It is contended that this direction is in the nature of an instruction and that it should have been in writing. This contention is based on the statute (Sec. 5231, R. S. 1909) which requires the court in criminal cases to instruct the jury in writing upon all questions of law necessary to enable them to render an intelligent verdict; and also upon the statute (Sec. 5244, R. S. 1909) which prohibits the court in a criminal case from summing up or commenting upon the evidence and limits its power to instructing the jury in writing on any point of law arising in the case.   The authorities cited in support of this contention, in addition to affirmatively declaring the peremptory nature of these statutes, give as reasons for their enactment that written instructions afford a clearer and more definite guide than oral ones   and   are   less likely to mislead the jury in reaching a correct verdict. [Mallison v. State, 6 Mo. 399; State v. Cooper, 45 Mo. 64; State v. Shipley, 174 Mo. l. c. 517.]

No question can arise as to the propriety of these statutes or the correctness of their application under a state of facts which shows that oral instructions were given; but in the matter at issue this was not the case.

The court's action was not in the nature of an instruction, but was an explicit direction that the jury should not consider the matter referred to by the circuit attorney because there was no evidence in regard to same. It was similar in all of its material features to directions given by trial courts to juries in State v. Good, 132 Mo. 114, and State v. Dewitt, 152 Mo. 76, and it did not therefore violate the mandatory provisions of the statutes cited. Defendant should not be heard to complain of the court's withdrawal from the consideration of the jury of a matter concerning which there was no evidence; and such withdrawal under the facts is not to be construed as an instruction. Defendant's contention in this regard, therefore, is devoid of merit.

III.   An examination of the rulings upon the testimony discloses no prejudicial error.   The transcript shows that the court sustained defendant's objection to the admission and exclusion of testimony where same would have had any tendency to prejudice the defendant.   Under the authority of the record the same may be said of the conduct of the circuit attorney in the examination of witnesses and his remarks in that connection.

*Matters of Testimony, etc.*

IV.   The instructions given defined murder in the second degree and the technical words necessary to constitute this offense; the presumption arising from the use of a deadly weapon upon another in some vital part was explained; this was followed by an instruction defining the duty of the jury in the event the facts are found as charged in the indictment and prescribing the punishment which may be inflicted if upon such facts a verdict of guilty is rendered.   The presumption arising from an intentional killing in the absence of evidence to the contrary is also explained. Then follows a definition of manslaughter in the fourth degree and instructions which have repeatedly been approved as to the duty and power of the jury if they find the facts to sustain a verdict for this grade of offense.

*Instructions.*

271 Mo.—33

The weight to be given the testimony of defendant is then explained in an instruction which has, until the recent ruling in State v. Finkelstein, 269 Mo. 612, uniformly received the approval of this court. Following this is a statement that the indictment is a formal charge and not to be taken as evidence of guilt. The usual presumption in regard to the innocence of the defendant and what constitutes a reasonable doubt are then explained and the extent to which the jury may consider the evidence of good character of the defendant. Then follows an admonitory instruction that the jury are to be governed in their finding by the evidence in the case uninfluenced by the arguments of counsel for the State. While none of these instructions are subject to criticism except that in regard to the testimony of the defendant, we find upon an examination of the record that no such exceptions were saved to any of the instructions as to authorize their review. The objections in this record are attempted to be preserved by the defendant in the following manner in the motion for a new trial:

"Because the instructions of the court do not properly declare all the law in the case.

"Because the court erred in failing to instruct the jury in writing on all the law in the case."

These objections mean, if any specific significance is to be attached to them, that the error committed consisted in the omission of proper instructions and not in the improper giving of same. What was omitted is not stated.

Notwithstanding the liberality with which section 1841, Revised Statutes 1909, applicable by its terms to civil and criminal cases, has been construed in Wampler v. Railroad, 269 Mo. 464, the attempted preservation of the objections to the instructions in the case at bar does not even meet the requirements there made. It is impossible from this motion to determine what instructions are objected to or complained of.

The trial court could not from the general allegations made rule intelligently upon the motion for rehearing, and with nothing more to guide us here than the copy

of this motion we are unable to determine what particular errors it is claimed the court in this regard committed. It has been repeatedly held that only such instructions as are complained of in the motion for a new trial will be considered on appeal (State v. Pfeifer, 267 Mo. l. c. 29; State v. George, 214 Mo. l. c. 267); by this is meant that the instructions complained of should be at least designated in such a manner that the objections thereto may be singled out and passed upon by this court.

The defendant was fairly tried. The punishment assessed was lenient when we take into consideration the nature of the crime which resulted in depriving a fellow creature of his life. The judgment of the trial court should therefore be affirmed, and it is so ordered.

All concur; *Faris, J.,* in separate opinion.

FARIS, J. (concurring)—I concur in the conclusion reached in this case as well as in all that is said, except in so far as a distinction is attempted to be drawn in paragraph two of the opinion, between an oral instruction and the language used by the learned trial court in withdrawing from the consideration of the jury certain evidence which had been erroneously allowed to come into the case upon the trial. I agree that in this no error was committed by the learned trial court for which defendant may complain, but I am not prepared to say that what was said by the court below might not, had it been unfavorable to defendant instead of favorable to him, have been error, for that it was in the nature of an oral instruction to the jury in the face of the statute which requires all instructions to juries to be in writing.

As stated, however, what was said in this case was not hurtful error for which defendant may complain. This for the reason that the Statute of Jeofails (Sec. 5115, R. S. 1909) provides, among other things, that "no indictment or information shall be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected . . . for any error committed at the instance or in favor of the

defendant." I think the provisions of the section from which I quote effectively prevent defendant from bottoming reversible error upon what was said by the trial court, and the manner of the saying thereof, and upon this ground, so far as paragraph two is concerned, I base my concurrence.