258 S.W.2d 620 (1953)
STATE
v.
STIDHAM.
No. 43347.
Supreme Court of Missouri, Division No. 2.
June 8, 1953.
*621 John R. Martin and William O. Russell, Joplin, for appellant.
John M. Dalton, Atty. Gen. and Paul N. Chitwood, Asst. Atty. Gen., for respondent.
TIPTON, Judge.
The appellant was found guilty by a jury in the circuit court of Jasper County, Missouri, of the crime of robbery in the first degree by means of a dangerous and deadly weapon, and his punishment was assessed at 25 years' imprisonment in the state penitentiary. From that sentence he has duly appealed.
In his brief the appellant states that the sufficiency of the evidence to support the verdict was not raised in his motion for a new trial, but that under rule 3.27 of this court we can review the evidence. That rule provides, "Plain errors affecting substantial rights may be considered * * * on appeal, in the discretion of the court, though not raised in the trial court * * * when the court deems that manifest injustice or miscarriage of justice has resulted therefrom." "This rule is one of civil procedure and is inapplicable in criminal cases. Section 506.020 RSMo 1949, V.A.M.S. Supreme Court Rule 3 is one which supplements and harmonizes the Civil Code." State v. Davis, Mo.Sup., 251 S.W.2d 610, loc. cit. 616. Therefore, the sufficiency of the evidence is not before us.
The first assignment of error briefed by appellant is that the trial court erred in permitting the state to amend the information after the trial had commenced.
*622 After the jury had been sworn and witness B. E. Burke had testified, counsel for appellant orally moved the court to quash the information for the failure to allege that Emerson Robinson was the agent, servant or clerk of the Grapette Bottling Company, and to allege that Emerson Robinson was in charge of the items alleged to have been taken from that corporation.
The original information alleged (1) the felonious taking of the property of the Grapette Bottling Company by the appellant and Albert Green, (2) from the presence of Emerson Robinson, (3) an assault upon said Robinson by means of a dangerous and deadly weapon, to-wit, a revolver, (4) against the will, and by putting Emerson Robinson in fear of immediate injury to his person.
The trial court permitted the state to amend the information by adding the following allegation, "the agent of and in possession of said money belonging to the Grapette Bottling Company, a corporation."
Section 545.290 RSMo 1949, V.A.M.S., reads:
"The statute of jeofails, as applicable to criminal pleadings and proceedings in prosecutions by indictment, shall apply to all proceedings in prosecutions by information; and any affidavit or information may be amended in matter of form or substance at any time by leave of court before the trial, and on the trial as to all matters of form and variance, at the discretion of the court, when the same can be done without prejudice to the substantial rights of the defendant, on the merits, and no amendment shall cause any delay of the trial, except at the instance of the defendant for good cause shown by affidavit."
This section permits an amendment to an information after the trial has commenced "as to all matters of form and variance". We think the amendment went solely to the form of the information. Before the amendment, the information charged that the appellant and another, by the use and means of a dangerous and deadly weapon, feloniously took money, the property of the Grapette Bottling Company, by putting Robinson in fear of immediate injury to his person. The only reasonable inference that can be drawn is that Robinson was the agent in charge of the Grapette Bottling Company's property that was taken.
In the case of State v. Davis, Mo.Sup., 58 S.W.2d 305, loc. cit. 307, the indictment was identical with the original information in this case except it did say, "from the person and against the will of the said Frank B. Moore". In ruling the indictment sufficient, we said: "The inference that Moore was the servant, clerk, or agent of the bank may properly be drawn without violation of the rule that nothing shall be left to intendment."
We find no merit in this assignment.
At the resumption of the trial, after a short recess, appellant moved for a mistrial, stating that the jury was separated during that recess. The appellant did not offer to prove the separation of the jury. Nothing is better settled than that unverified allegations in a motion in a criminal case do not prove themselves. State v. Henderson, 356 Mo. 1072, 204 S.W.2d 774.
The record fails to disclose that the sheriff was duly sworn at the close of the case to take charge of the jury. We have ruled that under this condition of the record, the verdict would not be set aside. State v. Page, 212 Mo. 224, 110 S.W. 1057. Nor is it reversible error to put the jury in charge of the sheriff during its deliberations when he had been a witness for the state. The sheriff is a public officer and conservator of the peace; there is no evidence of any misconduct by him. We can see no impropriety under these facts. People v. Coughlin, 65 Mich. 704, 32 N.W. 905; Van Syoc v. State, 69 Neb. 520, 96 N. W. 266.
On April 28, 1952, the date the trial started, the appellant applied for a writ of habeas corpus ad testificandum to bring Albert Green from the penitentiary to testify on April 30, 1952. The state concluded its testimony on April 29th and appellant asked *623 for a continuance, which was overruled. In overruling this motion, the court stated that the writ was mailed to Jefferson City on April 28th and he was informed that it had not been served; that appellant's present attorneys were appointed to defend appellant on October 1, 1951, and the application for the writ was not filed until the day the trial commenced; that the court felt that appellant had not been diligent in procuring his application for the witness Green and, therefore, refused the application for a continuance.
There is no record of a written application for a continuance. Section 545.710 RSMo 1949, V.A.M.S., states that a continuance may be granted either party in a criminal case for good cause shown. Section 545.720 RSMo 1949, V.A.M.S., states that a motion for a continuance on the part of a defendant on account of the absence of evidence must be supported by oath or affidavit showing the materiality of the evidence expected to be obtained, that due diligence had been used to obtain it, and what facts he believes the absent witness will prove.
There is nothing in this record showing any attempt on the part of the appellant to comply with section 545.720, supra. Under these circumstances, we think the trial court did not abuse its discretion in refusing the continuance. State v. Abbott, Mo. Sup., 245 S.W.2d 876; State v. Bockman, Mo.Sup., 251 S.W.2d 607.
Appellant contends that the court erred in admitting in evidence state's exhibits 1, 3, 4 and 5 for the reason there was no evidence connecting these exhibits with appellant.
State's exhibit number 1 was a handkerchief which was "red and green with an odd color." Emerson Robinson testified that it was worn as a mask by the person he thought was the appellant at the time of the robbery. Police Officers Houston Nutt and G. E. Miller identified it as the handkerchief taken from the appellant at the police station shortly after his arrest.
Robinson testified that exhibit 3 was a money bag or pocketbook and it was in a drawer at the Grapette Bottling Company at the time of the robbery, and that it was later returned by the police.
Exhibits 4 and 5 were checks that the police took from Albert Green who was arrested with the appellant. These checks belonged to the Grapette Bottling Company. Green and appellant were together when arrested and both were jointly charged with the robbery. Appellant stated in making an objection to the admissibility of these checks that Green was serving a prison term for the robbery.
There can be no doubt that those exhibits were identified as having a connection with the appellant and were properly admitted. See State v. Richetti, 342 Mo. 1015, 119 S.W.2d 330.
The trial court limited the closing arguments to 30 minutes to each party. Appellant contends that the court abused its discretion in so doing. The record shows the following:
"The Court: I asked you how much time you want.
"Mr. Martin: I ask for an hour and a half.
"The Court: How much reasonable time do you want, Mr. Martin?
"Mr. Martin: Thirty minutes."
The above statement of counsel for appellant shows this assignment is wholly without merit.
After the case had been submitted to the jury, the jury requested permission to return to the court room to ask the court a question. This request was granted and the foreman asked the following question: "Why, we were wondering if it would be permissible for you to tell us of any other previous record of any sentence." The court replied, "There is no evidence of any prior conviction before you. You can't consider anything that isn't before you."
The appellant contends the court erred (1) because the trial court's answer informed the jury that the appellant did have a record of prior convictions, and (2) the trial court's answer was an oral instruction in violation of Section 546.070 RSMo 1949, V.A.M.S.
*624 Of course, there is nothing in the court's reply that could be construed as a statement that the appellant did have a record of a prior conviction.
"The court's action was not in the nature of an instruction, but was an explicit direction that the jury should not consider the matter referred to by the circuit attorney, because there was no evidence in regard to same. It was similar in all of its material features to directions given by trial courts to juries in State v. Good, 132 Mo. 114, 33 S.W. 790, and State v. De Witt, 152 Mo. 76, 53 S.W. 429, and it did not, therefore, violate the mandatory provisions of the statutes cited. Defendant should not be heard to complain of the court's withdrawal from the consideration of the jury of a matter concerning which there was no evidence; and such withdrawal under the facts is not to be construed as an instruction." State v. Crofton, 271 Mo. 507, 197 S.W. 136, loc. cit. 138.
Appellant's contention in this record, therefore, is devoid of merit.
Because the jury asked the above question, the appellant contends the jury considered matters not in evidence. There is nothing in the record that would show that the jury considered any matter not in evidence. Moreover, the appellant made no objection or saved any exception that would show that the jury was considering any evidence not in the record. The assignment comes too late when made for the first time in the motion for a new trial. State v. McVey, Mo.Sup., 66 S.W.2d 857.
The appellant contends that when the jury returned a verdict, it read: "We, the jury, find the defendant James Stidham guilty of robbery in the first degree as charged in the information and assess his punishment at 25. W. H. Sherwood, Foreman."
The record does not show this to be true, but does show the following transpired.
"The Court: Mr. Sherwood, do you correct the verdict as to 25 years in the penitentiary, or whatever your verdict is on that, please."
The court then asked the jury if that was its verdict and the foreman answered in the affirmative. No other juror made a response.
If there was a correction it was a matter of form only, and it was proper for the court to assist the jury in correcting the form of the verdict. State v. Philpott, 242 Mo. 504, 146 S.W. 1160; State v. Perry, Mo.Sup., 233 S.W.2d 717. Again this assignment was made for the first time in appellant's motion for a new trial.
The appellant contends that the trial court erred in permitting the state's witness, Emerson Robinson, to refresh his memory from a memorandum he made ten months after the commission of the crime, as the memorandum was not made from records made by the witness or under his direction.
When this witness was first testifying, he was asked by the prosecuting attorney if he knew the exact amount taken the night of the robbery. He stated that it was about $450 and that all but $94 was returned by the police. He was later placed on the stand and testified that he had made a record of the exact amount taken. He referred to this record during the course of his examination and stated that the amount taken in the robbery was $463.09. This record or memorandum was taken from the records of the Grapette Bottling Company, which were not kept by him personally but by the bookkeeper, though under the witness' supervision.
The appellant objected because the company's records were the best evidence and asked that his answer be stricken, which request was overruled.
Assuming that the trial court erred in not striking his answer, we fail to see where the appellant was prejudiced by this evidence. It is immaterial what the exact amount of money was that was taken in the robbery. The amount of money or value of the property taken is not an element necessary to find to support a charge of robbery. We hold the assignment is without merit.
We have discussed all of the assignments of error briefed by appellant. It follows that the judgment of the trial court should be affirmed. It is so ordered.
All concur.