**STATE of Missouri, Respondent,**

v.

**Ray Leo BAUGH, Appellant.**

**No. 50419.**

Supreme Court of Missouri,

Division No. 1.

Oct. 12, 1964.

Thomas F. Eagleton, Atty. Gen., Howard L. McFadden, Asst. Atty. Gen., Jefferson City, for respondent.

William G. Guerri, St. Louis, for appellant.

WELBORN, Commissioner.

This is an appeal from a judgment denying appellant's Motion to Vacate and Set Aside Judgment and Sentence (Supreme Court Rule 27.26, V.A.M.R.) upon his conviction of statutory rape. The circuit court denied the motion without a hearing. This appeal followed.

On October 15, 1957, appellant was tried and convicted in the St. Louis Circuit Court as a habitual criminal of statutory rape. In accordance with the habitual criminal act then effective (Sections 556.280, 556.290, RSMo 1949, V.A.M.S.), the jury returned the mandatory sentence of imprisonment for life. The conviction was affirmed by the Supreme Court en banc. State v. Baugh, 323 S.W.2d 685.

The basis of the proceeding here under consideration was an incident which occurred during the trial and which was not reported in the transcript on the appeal from the conviction.

On October 15, 1957, after the case had been submitted to the jury and the jury had retired to the jury room for its deliberations, appellant's trial counsel, Mr. C. Arthur Anderson, returned to his office to await the jury's verdict. While Mr. Anderson was absent and appellant was in the custody of the sheriff, and about an hour after the jury had retired to consider its verdict, the following transpired, as recorded in the notes of the official court reporter:

"(* * * '4:05 P.M. Jury returns to ask legal question. Present: Brady and Reardon for State. No one appearing for Defendant. Defendant appearing in person.')

"THE COURT: Now, gentlemen of the jury, the sheriff has informed me that the jury desires to ask a legal question. While Mr. Anderson is not present, I think we can probably entertain your question and endeavor to answer it, even in his absence.

"A JUROR: Your Honor, the jury have not come to a verdict. We wish to ask this question of law, quoting: 'Do we, the jury, have any right to assess the penalty other than life even if we find the defendant guilty as charged of both the Illinois and St. Louis offenses.'

"THE COURT: Now, the answer to this is shown necessarily in the instructions already given you. You have three forms of verdict besides those instructions. The law provides what you stated there, if the jury considers it more appropriate to use the form of verdict that does not refer to the prior conviction we would have no objection to their using that form of verdict. That, I think, with the reference to the instructions, is the only answer that I can properly give, and I think that probably is clear enough to you as to what you should do. You may use that form of verdict.

"A JUROR: I think that answers our question, your Honor. May we be excused?

"THE COURT: The sheriff will take the jury to their deliberating room, and when the jury again departs, we will again be in temporary recess.

"(Reporter's note: Verdict was returned at 4:35 P.M. of the same day)"

Appellant's counsel not having become aware of the communication until nearly

four years after its occurrence, no assignment of error based upon this communication between the judge and the jury was made in appellant's motion for a new trial.

In his motion here under consideration, appellant charged that the communication between the judge and jury outside the presence of appellant's counsel was a denial to appellant of assistance of counsel as guaranteed by the Constitution of Missouri and the Constitution of the United States. On this appeal, that contention is urged, together with the contention that the oral communication violated the requirement (Supreme Court Rule 26.02, V.A.M.R.) that all instructions on questions of law shall be given to the jury in writing.

Section 18(a) of Article I, Constitution of Missouri, 1945, V.A.M.S., guarantees: "That in criminal prosecutions the accused shall have the right to appear and defend, in person and by counsel; * * *." A similar guarantee of the Sixth Amendment to the Constitution of the United States, at one time considered applicable only to proceedings in federal courts (Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595; State v. Mischanko, Mo.Sup., 272 S.W.2d 210, 215), is now held "obligatory upon the States by the Fourteenth Amendment." Gideon v. Wainwright, 372 U.S. 335, 342, 83 S.Ct. 792, 795, 9 L.Ed.2d 799; Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, 986. In this proceeding we are concerned with the question of whether or not there was in the occurrence complained of in the trial court such an infringement or denial of the rights of the appellant under these constitutional guarantees as to render the judgment of conviction subject to collateral attack. Supreme Court Rule 27.26. Although the right to assistance of counsel is spoken of as an "unqualified" right

(Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4, 10), the cases from both state[1] and federal[2] courts, cited and relied upon by the appellant in this proceeding, considered the absence of counsel at the time of a communication between the trial judge and the jury as a matter of trial error and did not consider whether or not there had been such an abrogation of constitutional rights as to oust the trial court of jurisdiction to act further in the cause. Certainly the question here presented would not have arisen had the trial court followed the procedure suggested in Hartgrove v. Chicago, B. & Q. R. Co., 358 Mo. 971, 218 S.W.2d 557, 563, cited by appellant. However, we are cited to no case in which the temporary absence of counsel for the defendant, at a time when the judge communicated with the jury after submission of the cause, has been found to render the judgment subject to collateral attack.

■ In our opinion, such absence should make the judgment vulnerable to collateral attack only when there has been a denial, in the circumstances, of a fair trial. Such a denial can be found only when the constitutional infringement asserted has resulted in substantial prejudice to the rights of the accused. This is the standard applied in federal court proceedings under 28 U.S.C.A. § 2255, the substantial equivalent (State v. Thompson, Mo.Sup., 324 S.W.2d 133, 135) of our Rule 27.26. Thus in Martin v. United States, C.C.A., 5th Cir., 182 F.2d 225, 227 (1–3), 20 A.L.R.2d 1236, the court stated:

"It may be safely said that at this time there is no question of constitutional law any more firmly established than the oft enunciated and applied principle that, in the trial of criminal cases in the federal courts, the defendant is entitled to have the guiding hand of counsel at every stage of the pro-

1. State v. Alexander, 66 Mo. 148; State v. Beedle, Mo.Sup., 180 S.W. 888; Boyd v. Pennewell, Mo.App., 78 S.W.2d 456; Hartgrove v. Chicago, B. & Q. R. Co., 358 Mo. 971, 218 S.W.2d 557.

2. Shields v. United States, 273 U.S. 583, 47 S.Ct. 478, 71 L.Ed. 787; Fillippon v. Albion Vein Slate Co., 250 U.S. 76, 39 S.Ct. 435, 63 L.Ed. 853; Jones v. United States, 113 U.S.App.D.C. 352, 308 F.2d 307.

ceeding. Thus, in the absence of an intelligent waiver of the right to counsel, it is the duty of the Court to appoint competent counsel for the defendant, failing which, the Court loses jurisdiction to proceed. However, recognition and application of this principle to its fullest extent does not require a Court to upset a conviction merely upon proof that at some particular stage of the proceeding counsel may not have been present. A great deal depends upon the nature of the 'stage of the proceeding' from which the counsel is absent. If it be of such minor legal significance as to refute even a possibility of injury, such inconsequential impingement of the constitutional right is merely error without injury."

See also Kyle v. United States, C.C.A., 2d Cir., 297 F.2d 507, 514(5).

Although in Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 the court, in a collateral proceeding, declined to weigh the prejudice against the defendant resulting from his denial of counsel upon arraignment, and in White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, on direct appeal, did "not stop to determine whether prejudice resulted" from the denial of counsel at a preliminary hearing, the existence of prejudice was inherent in the situations presented in those cases. In Hamilton, the defendant, under Alabama law, stood to lose defenses otherwise available to him if not asserted at the arraignment. Therefore, the assistance of counsel at that stage of the proceedings was indispensable to defendant's protection. In White, the defendant's plea of guilty at his preliminary hearing without counsel was used as evidence of his guilt upon his subsequent trial. The prejudice was obvious.

In the present case, the appellant argues that the statement of the trial court was demonstrably prejudicial to him. His argument is:

" * * * There were three forms of verdict submitted to the jury, namely, (1) finding the defendant guilty of the offense of statutory rape, (2) finding the defendant guilty of a previous conviction (and statutory rape), and (3) finding the defendant not guilty. The jury inquired—'Do we, the jury, have any right to assess the penalty other than life even if we find the defendant guilty as charged of both the Illinois and St. Louis offenses.' After instructing the jury that 'the answer to that is shown necessarily in the instructions already given to you,' the Circuit Court called attention to the three forms of verdict and added— 'if the jury considers it more appropriate to use the form of verdict that does not refer to the prior conviction, we would have no objection to their using that form of verdict.' Such comment was highly prejudicial because the jury may well have considered that the Court showed a preference for a guilty verdict. No specific mention was made by the Court of the verdict form finding the defendant not guilty. The Court dealt only with the two forms of verdict finding the defendant guilty. The implication which the jury could well have gotten is that the Circuit Court would have an objection to the use of the form of verdict finding the defendant not guilty."

█ We do not consider that jurors of reasonable intelligence would give the remarks the meaning which appellant suggests. Although appellant urges that the court ignored the "not guilty" form of verdict, the court expressly called attention to the three forms of verdict which had been provided. One of those forms was the "not guilty" verdict. We find nothing in the judge's remarks which could be reasonably construed to have excluded the possibility of the use of that verdict form or to have recommended against its use. Therefore, we do not consider that the statement was per se prejudicial.

However, even though the statement might not have been per se prejudicial, we consider whether or not relief should be accorded in this proceeding for the reason that the making of the statement in the absence of appellant's counsel precluded re-

view on appeal of the action of the trial court. Ordinarily, of course, mere error upon the trial of a criminal case affords no basis for relief in the proceeding under Supreme Court Rule 27.26. However, where the alleged error itself is of the nature here presented, i. e., where the fact of the occurrence alleged effectively precluded its assignment on appeal as a trial error, the matter partakes of something more than mere trial error and becomes a factor for consideration in the determination of whether or not the judgment should be vacated in this proceeding.

This leads us, therefore, to consider in this case whether or not there was error on the part of the trial court in its communication to the jury, which error appellant admittedly could not take advantage of on appeal because of his counsel's ignorance of the occurrence. The appellant urges that the communication to the jury was an instruction within the meaning of Supreme Court Rule 26.02(6) requiring that in all criminal cases the court "must instruct the jury in writing upon all questions of law necessary for their guidance in returning their verdict * * *." and, relying on Mallison v. State, 6 Mo. 399, State v. Crofton, 271 Mo. 507, 197 S.W. 136, and Boyd v. Pennewell, supra, that noncompliance with such requirement constituted reversible error. It is recognized, however, that not every communication between the court and jury, subsequent to the jury's retirement to consider its verdict, is an instruction within the meaning of this requirement. Mere reference by the judge to the instructions previously given is not an instruction within the meaning of this provision. State v. Grant, Mo.Sup., 275 S.W.2d 332, 335(9); State v. Niblack, Mo.Sup., 256 S.W. 769, 770(3). In our opinion, the communication here was of that nature. The trial court directed the attention of the jury to the instructions previously given and to the three forms of verdict contained therein. The court did no more than tell the jury that its verdict should be in one of such forms. The fact that the court referred to the jury's desire to ask a "legal question" does not make the court's communication an instruction of law where the court took no action to extend its direction beyond the instructions previously given.

The remarks of the trial court not having been per se prejudicial and the occurrence not having been such as to have afforded the appellant relief from his conviction had his counsel been aware of what transpired, we are of the opinion appellant has not demonstrated any basis for the relief here sought.

Therefore, the judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C. is adopted as the opinion of the Court.

All of the Judges concur.