**STATE of Missouri, Respondent,**

v.

**Carl E. KOONCE, Jr., Appellant.**

**No. KCD 26450.**

Missouri Court of Appeals,
Kansas City District.

Dec. 31, 1973.

Robert G. Duncan, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Karen I. Harper, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and WASSERSTROM, JJ.

SWOFFORD, Judge.

The appellant (herein referred to as defendant) was convicted of burglary in the second degree and sentenced to four years imprisonment. He appeals.

The charge against him by indictment was that on November 22, 1970, he bur-

**228**

glarized a commercial building occupied by the Dunlop Tire and Rubber Company at 1257 Bedford, North Kansas City, Clay County, Missouri, and stole and carried away a quantity of Dunlop tires. At the time alleged in the indictment, the defendant was Captain of the North Kansas City police department, which position constituted him, in fact, the head or chief operating officer thereof. The state's evidence as to the burglary here involved of Dunlop Tire on November 22, 1970 was that it was committed by a group of six men: the defendant; Hartley, Rhoden and Summers, police officers; Verderber, a business man who operated the "Northtown Marine", and Bossert, a man who ran a garage and body shop in North Kansas City. The state offered evidence that this group, driving various vehicles, met in a Safeway Store parking lot in the vicinity of Dunlop on the night of November 22, 1970, broke into the Dunlop warehouse and over a period of about two hours stole from 60–80 tires therefrom, passing the same out of a window and taking them to Verderber's Northtown Marine Shop where they were later divided among the burglars. After a lengthy trial of the defendant (he was charged and tried separately), he was convicted of second degree burglary and his punishment assessed by the jury.

Defendant's brief raises many points, cites voluminous authority and skillfully argues provocative theories for reversal. However, one of the defendant's points, in the light of recent controlling authority, is dispositive of this appeal and requires our mandate of reversal and remand. Defendant's seventh point asserts error by the trial court in denying a continuance on the hearing of his motion for a new trial and in refusing to grant defendant's motion for a new trial upon the basis of newly discovered evidence. The recent decision of our Supreme Court, en banc, in State v. McClain, 498 S.W.2d 798 (Mo.1973), decided September 10, 1973, is clear, logical and controlling authority for the decision of this appeal.

Some review of the record on this point is necessary.

Of the six men allegedly involved in this burglary, four testified at the trial. The defendant testified in his own behalf and categorically denied any connection with or participation in the burglary.

Rhoden, Verderber and Bossert testified for the state.

■ Verderber freely admitted his participation in the burglary at Dunlop's on November 22, 1970 and stated that Koonce "was there" and he later saw Koonce at the witness' boat shop. The latter statements are the only reference to the defendant in this witness' testimony. Of course, mere physical presence at the scene of a crime does not alone establish guilt. State v. Allen, 420 S.W.2d 330 (Mo.1967). On cross-examination, Verderber admitted that there were two charges pending against him in Clay County and that one of them involved the November 22, 1970 burglary at Dunlop's; that he intended to plead guilty to that charge but that he had not yet done so; that both of these cases were set for trial the same morning as the case at bar and were continued. The following appears:

"Q. Has Mr. De Cuyper promised that if you testify in these cases that this, these cases will never come to a head?

A. No, sir.

Q. Or if they do that you will receive probation as a result of that?

A. No, sir."

Albert Bossert admitted his role in the Dunlop burglary. He testified that he took "Koonce's tires" to his place of business and that thereafter someone (he doesn't remember who) picked up four tires for Koonce. He stated that the burglary consumed about two hours time and that once he was inside the building, " * * * I don't know who was there and who wasn't

there. I didn't keep track of them." He did not ever see defendant Koonce in the Dunlop building. He never saw Koonce "the whole evening". He doesn't know if Koonce was there. Bossert had never been charged with the Dunlop tire burglary. Other charges are pending and he is willing to enter a guilty plea and he intends to do so.

By contrast, state's witness Leo Rhoden specifically testified as to the defendant's active participation in the planning and execution of the Dunlop tire robbery and that the defendant was in the building and passing the stolen tires out of the window. The entire case of the state rests upon the testimony of Rhoden. Without that testimony, a directed verdict of acquittal would have been mandatory. Stated another way, the validity of the conviction rests upon the credibility of Rhoden.

In the course of his testimony, it appeared that two pending charges against him were set the same morning as the case at bar and were continued. He has confessed to these charges and intends to enter a plea of guilty. The following appears in the transcript:

"Q. Have you been guaranteed by the prosecutor's office * * * that if you testify in the case and every other case that the prosecutor asks you to testify in that you will not go to prison as a result of that plea?

A. No, sir.

Q. You have not?

A. No, sir."

This trial was concluded on September 13, 1972. Defendant filed his motion for acquittal or in the alternative for a new trial on October 10, 1972, and on October 19, 1972 the hearing on this motion was continued to November 2, 1972.

On October 30 and October 31, 1972, a case entitled "State of Missouri v. Benny Allen Bigler, No. 2839" was tried in Division No. 1 of the Circuit Court of Clay County, Missouri (the same court from which this appeal originated) which case involved the disposition of some of the tires stolen in the same burglary of November 22, 1970 of Dunlop Tire. During the course of the Bigler trial, the state called as a witness Mr. William S. Brandom, the Prosecuting Attorney of Clay County, Missouri, as a witness for the state.

Brandom testified that Bigler had told him in an interview on January 31, 1970 that he, Bigler, had received some tires at the Northtown Marine in the presence of Al Bossert, Louis Verderber, Leo Rhoden, Dean Hartley, Gene Summers and Carl Koonce; that one of these men told him the tires had come from the Dunlop Tire Company but that he did not remember which one had told him this.

Bigler gave Brandom the impression that he, Bigler, had been talking to Leo Rhoden. The following then occurred:

"Q. In fact, you had talked to Mr. Rhoden a couple of previous times in regard to the investigation; isn't that correct?

A. I had talked to Mr. Rhoden many, many times.

* * * * * *

A. My conversation with Leo Rhoden was that I was willing to listen to anybody that had something to say about the investigation."

He further testified that he took a statement from Mr. Rhoden on January 12th and 13th, 1972; that he had told Bigler that in return for his statement and cooperation "I could probably keep him out of the penitentiary"; he did not guarantee he would keep him out of the penitentiary; there are numerous ways the prosecutor could help keep him out of the penitentiary, including dismissal of the charges, or

recommendations to the parole officer and to the court. Brandom further testified:

"Q. Have you agreed to do just that with Mr. Rhoden, Mr. Bossert and Mr. Verderber?

A. I have agreed to help them stay out of the penitentiary, yes, sir."

Three days after the testimony of Brandom in the Bigler case, the defendant's Motion for a New Trial and for Directed Verdict came on for hearing on November 2, 1972. At that time, the transcript shows that counsel for the defendant requested that the hearing be continued in order to afford him an opportunity to file an additional or supplemental motion based upon newly discovered evidence, namely, the testimony of Brandom in the Bigler case. He advised the court that he had ordered a transcript of the Brandom testimony to be filed with the supplemental motion. The assistant prosecuting attorney, Mr. De Cuyper, stated he did not object to the filing of the supplemental motion nor to the continuance of the hearing, but stated that the supplemental motion and the Brandom transcript were without merit as affecting the results in the case at bar.

However, the court below refused defendant's request for a resetting of the hearing and overruled the defendant's motion for a new trial.

The transcript of the Brandom testimony in the Bigler case, duly certified by the official reporter, has been filed in this court and the parties to this appeal have agreed that this court may consider the same as part of the record on appeal in the determination of this matter.

Upon the controlling authority of State v. McClain, supra, we have reached the following conclusions in the case before us.

(The principal cases relied upon in Mc-Clain are cited in the footnotes).

 The testimony of witnesses Verderber and Rhoden, that they had recieved no promises of assistance or leniency from the prosecutor's staff in return for their cooperation and testimony, was false in the light of Brandom's sworn testimony in the Bigler case, and it was the duty of the prosecutor in the case at bar to correct the false testimony. His failure to do so denied the defendant due process of law in violation of the Fourteenth Amendment of the Constitution of the United States.[1]

The uncorrected false testimony of Verderber and Rhoden tainted the verdict and is "incompatible with rudimentary demands of justice."[2] This result ensues even though the assistant prosecuting attorney may have acted in good faith in that he may not have had actual knowledge of the arrangement made by his superior with these witnesses.[3] In this context, the state is charged with the knowledge of any arrangements made by the prosecutor with the witnesses.

This rule applies even though the false testimony goes only to the credibility of the witnesses because the reliability of both Verderber and Rhoden might well be determinative of the finding of guilt or innocence and, indeed, there is a reasonable likelihood that the disclosure of the state's arrangements with them would materially affect the judgment of the jury.[4]

 Since the testimony of Verderber and Rhoden was the only evidence adduced by the state linking the defendant to the burglary, there credibility and personal interest in the Koonce trial was an important and vital issue in the case and evidence of any arrangement made by them with the prosecutor as to their future prosecution

1. Napue v. Illinois, 360 U.S. 264, 269–270, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959).

2. Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935) ; Pyle v. Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214 (1942).

3. Giglio v. United States, 405 U.S. 150, 153, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) ; People v. Savvides, 1 N.Y.2d 554, 154 N.Y.S.2d 885, 887, 136 N.E.2d 853.

4. Napue v. Illinois, supra ; Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

was relevant to their credibility and the jury was entitled to know these facts.[5]

The standard rules that newly discovered evidence which goes only to credibility or impeachment, or is merely cumulative, cannot be considered on a motion for new trial, have no application here. We are dealing not with questions of diligence of counsel or the usual rules with reference to newly discovered evidence, but rather with the fundamental rights of the defendant to full disclosure and a fair trial.

Under the authority of State v. McClain, supra, the defendant is entitled to a new trial. It would serve no useful purpose to order the court below to permit the amendment of defendant's motion for a new trial and the presentation at the hearing thereon of the Brandom testimony. We, therefore, reverse the judgment below and order this cause remanded for a new trial on all the issues.

All concur.

5. Giglio v. United States, supra.