STATE of Missouri, Respondent,

v.

Larry ABERNATHY, Appellant.

No. KCD 26765.

Missouri Court of Appeals,
Kansas City District.

March 31, 1975.

Motion for Rehearing and/or Transfer
Denied May 6, 1975.

Willard B. Bunch, Public Defender, Sixteenth Judicial Circuit, Paul R. Katz, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Ellen S. Roper, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

SHANGLER, Judge.

The appellant was convicted of the armed robbery of David Griner, manager of the American Sentry Alarm Systems, and sentenced to imprisonment for a term of fifteen years. He appeals that conviction.

At about 5:30 P.M., Griner had concluded work at the office of the American Sentry Alarm Systems office and crossed the hall to the lavatory to tidy his appearance before leaving. As he left the wash room, he was accosted from the rear by someone who placed an object against his back, pushed him into an open office, and directed Griner to get all the money. Griner turned and informed the assailant [whom he identified at trial as the appellant] that it was not his office. The assailant then directed Griner to his office and as they proceeded, he struck Griner on the head. Once in the office, the assailant put a gun against Griner, stripped him of valuables and ordered him to get the company money. The assailant took seven dollars in petty cash, the only money on the premises. Griner again was struck on the head and fell unconscious. When he was restored, Griner found the office in flames.

At the trial Griner identified appellant as the robber and as the same man he had seen a few weeks before the event at the 7-11 Store across the street from the office.

The defense was alibi which contended that at the time of the offense, appellant was at the home of a Mr. Fisher.

In aid of cross-examination, the appellant requested discovery of any statements made by witness Griner to investigating officers, and was given the entire file by the prosecutor. A review of the file by the appellant disclosed that a witness, Tom Anderson who was employed at the 7-11 Store mentioned by Griner, had given a statement to the police to the effect that he did not recall ever having seen in his store prior to the date of the robbery anyone of the description given by Griner. The appellant thereupon moved for dismissal on the contention that Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) imposed upon the prosecutor the affirmative duty of disclosure of witnesses. The court refused the dismissal. The motion for new trial iterates that the failure of the prosecution to disclose Anderson until cross-examination effectively deprived the defense of a witness, a prejudice which requires dismissal.

On this appeal, the claim of error is broadened into the contention that a prosecutor owes a defendant an affirmative duty not only the identity of witnesses but also all material evidence in his possession favorable to the accused.

The essential ruling of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the primary authority cited by appellant, holds [l. c. 86, 83 S.Ct. 1196]:

> [T]he suppression by the prosecutor of evidence favorable to an accused *upon request* violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution. (Emphasis supplied.)

A debate has been astir whether the due process rationale of *Brady* is contingent upon request by the accused for the discovery of evidence or whether a prosecutor owes the spontaneous disclosure of exculpatory evidence, even without request. See, 34 A.L.R.3d 16 [§ 14], Withholding Evidence—By Prosecution. The appellant here concedes that he made no request, prior to trial, for access to the prosecution file, but claims nevertheless that the failure of the prosecutor to inform him of the Anderson statement denied him due process.

Our decisions have recognized both dimensions of the *Brady* principle. On the premise, however, that criminal discovery was not available to an accused as a matter of course in this State, our courts have read *Brady* to require disclosure by a prosecutor upon a showing by the accused that the evidence sought for discovery was of such a nature that without it, the trial of the offense would be fundamentally unfair. State v. Yates, 442 S.W.2d 21, 26[16] (Mo. 1969); State v. Cannon, 465 S.W.2d 584, 586[1] (Mo. banc 1971); State v. Tressler, 503 S.W.2d 13, 17[4] (Mo.1973). Our courts have determined, also, that a prosecutor owes an affirmative duty not to suppress favorable evidence; that to allow false testimony to go uncorrected violates due process and requires a new trial under *Brady*. State v. Thompson, 396 S.W.2d 697, 700[4, 5] (Mo. banc 1965); State v. Brooks, 513 S.W.2d 168, 174[12, 13] (Mo.App.1974); State v. Koonce, 504 S.W.2d 227, 230[2] (Mo.App. 1973); Napue v. Illinois, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959).

Since the trial of this case, a procedure for systematic criminal discovery has been promulgated by our Supreme Court which codifies in Rule 25.32, V.A.M.R. the discovery principle of *Brady*, operative upon the request of the accused:

(A) Except as otherwise provided in these Rules as to protective orders, the state shall, upon written request of defendant's counsel, disclose to defendant's counsel such part or all of the following material and information within its possession or control designated in said request:

.　　.　　.　　.　　.　　.

(9) Any material or information, within the possession or control of the state, which tends to negate the guilt of the defendant as to the offense charged, mitigate the degree of the offense charged, or reduce the punishment.

■ We need not determine whether, under the decisions of our Supreme Court, the failure of appellant to request the Anderson statement with a showing that a denial of that evidence would render his trial fundamentally unfair, forecloses a claim for new trial under *Brady*. The conduct of the prosecution of this case was governed by Supreme Court Rule 4, DR 7-103(B) (Code of Professional Responsibility):

A public prosecutor or other government lawyer in criminal litigation shall make timely disclosure to counsel for the defendant, or to the defendant if he has no counsel, of the existence of evidence, known to the prosecutor or other government lawyer, that tends to negate the guilt of the accused, mitigate the degree of the offense, or reduce the punishment.

This standard of conduct, expressed in the essential language of discovery Rule 25.-32(A)(9), imposes upon a prosecutor an affirmative duty of disclosure even in the absence of request by an accused. This rule means that the proper role of a public prosecutor is not only to convict, but to do justice. State v. Brooks, *supra*, 513 S.W. 2d l. c. 174[11]; see also, State v. Cannon, *supra*, 465 S.W.2d l. c. 587.

■ The question remains whether the failure of the prosecutor to disclose the statement given by Anderson to the police violated any duty which the law imposed upon the prosecutor. We notice first that

the police report which contained the statement has not been made part of the record on this appeal, so that we cannot test the assertion by appellant that he was deprived of favorable evidence. State v. Spica, 389 S.W.2d 35, 51[23] (Mo.1965). If, however, we assume a palpable record of a police report statement that Tom Anderson did not recall the appellant in his store within two weeks of the robbery, such evidence would have been such slight impeachment of witness Griner as to lack probative tendency to "negate the guilt of the accused, mitigate the degree of the offense, or reduce the punishment". A prosecutor, of course, may not decide what information is usable to the defendant, and request under Rule 25.32(A)(9) would require production of such a statement, but, we conclude, there was no such suppression of material evidence shown as to nullify the conviction either under *Brady* [Link v. United States, (8th Cir. 1965), 352 F.2d 207] or under Rule 4, DR7–103(B).

The judgment is affirmed.

All concur.