STATE of Missouri, Respondent,

v.

Ralph CHILDRESS, Appellant.

No. 39792.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 5, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 12, 1979.

Cynthia S. Holmes, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Charles D. Sindel, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Judge.

A jury found defendant guilty of first degree robbery (§ 560.120, RSMo.1969), and the court sentenced him to imprisonment for fifteen years. On appeal defendant contends that the trial court erred in admitting evidence of allegedly stolen objects not disclosed before trial, and also erred in answering a juror's question concerning the amount of money allegedly stolen. We find no such errors.

Defendant does not challenge the sufficiency of the state's evidence. While alighting from her car on a bank's parking lot Mrs. Mary Bishop was robbed of her purse at knifepoint by two masked men, one wearing a green coat and the other a tan coat. Her purse contained a wallet with $212, a coin purse with spare change, hair pins and a button. A bank security guard gave chase and ultimately captured defendant. He was then wearing a green coat and a stocking cap as described by Mrs. Bishop. Police arrived and upon searching defendant found loose change, hair pins and a button, all identified by Mrs. Bishop as hers. Although the officer testified to the search and what he found, his police report did not mention these as "recovered" items.

■ At trial, defense counsel sought to strike the testimony about the recovered items, contending the prosecution had not disclosed the existence of this evidence before trial as required by § 25.32(A)(6), VAMR. That rule requires the state upon written request to disclose objects obtained from a defendant. The record reveals no such written request and we hold the point has not been preserved for review. *State v. McCoy*, 559 S.W.2d 298[1] (Mo.App.1977); *State v. Harlin*, 556 S.W.2d 42[3] (Mo. banc 1977).

■ Even considered as plain error, we find no merit to defendant's complaint since the challenged evidence would not have been helpful to defendant; it tended to incriminate rather than exculpate him. See Rule 25.32(A)(9) and *State v. Abernathy*, 525 S.W.2d 414[2] (Mo.App.1975). Although Rule 25.45, VAMR, allows the trial court to redress grievances associated with disclosure, sanctions imposed are left largely to the discretion of the trial court. *State v. Johnson*, 524 S.W.2d 97[4] (Mo. banc 1975). The test is whether the failure to disclose resulted in fundamental unfairness. *State v. Buckner*, 526 S.W.2d 387[6] (Mo.App.

1975). No unfairness is apparent, and we hold the trial court did not err in admitting the challenged evidence.

■ Finally, defendant contends the answer given by the trial court in response to a juror's question during deliberation was error. He claims the court's answer went beyond the scope of MAI–CR by unduly emphasizing one evidentiary fact. The jury foreman asked, "If $212.00 is not in the charge of first degree robbery, would it be a lesser crime, second or third degree? The trial court answered, "No."

During trial there had been some dispute over the exact amount of money taken from the victim. The jury obviously wanted to know if they were to consider lesser degrees of robbery if a lesser amount than $212 had been taken. The trial court's "No" informed the jury that the charge of first degree robbery would remain even if they found less than $212 had been taken. This answer does not go beyond the scope of MAI–CR or the instruction of first degree robbery, nor did it emphasize the $212 amount in question or defendant's complicity in the crime. Therefore, we fail to find the jury could have been misled to the defendant's prejudice by an answer that merely referred the jury to an instruction already given. *State v. Duisen*, 428 S.W.2d 169[7] (Mo. banc 1967). This is particularly true where the court did nothing to extend its direction beyond the instruction previously given. *State v. Baugh*, 382 S.W.2d 608[3–4] (Mo.1964).

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.