**Ralph CHILDRESS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 44122.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 16, 1982.

———

Michael D. Stokes, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Priscilla Gunn, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

JAMES D. CLEMENS, Senior Judge.

Movant (hereafter "defendant") appeals the denial of his Rule 27.26 motion. Background: In 1978 we affirmed defendant's jury-tried conviction and 15-year sentence for first-degree robbery of Mary Bishop at knife-point. She was getting out of her car in a bank's parking lot. When arrested, defendant carried stolen property. (*State v. Childress*, 576 S.W.2d 557, Mo.App.1978).

In its order denying the Rule 27.26 motion the court made specific findings trial counsel was not ineffective because he had in fact filed appropriate discovery motions, nor ineffective by not calling named witnesses since defendant had failed to show how he was prejudiced.

On his appeal defendant contends the motion court erred because its findings of fact and conclusions of law lacked evidentiary support and "did not address all the issues raised by appellant in his 27.26 motion". We limit our review to evidence at the motion hearing.

There, defendant testified he had given counsel the names but did not know the addresses of three alibi witnesses. Counsel did interview one of them who pleaded ignorance. Trial counsel searched for but could not find the other two, nor did defendant call either to testify at the motion hearing. Counsel did file discovery motions.

We conclude this evidence did not sustain defendant's burden of showing his counsel was ineffective. That is required by Rule 27.26(f) V.A.M.R. *Sumpter v. State*, 601 S.W.2d 630, 631[1, 2] (Mo.App.1980). As we held in *Bryant v. State*, 608 S.W.2d 101[2, 3] (Mo.App.1980): "This court's review is limited to deciding whether the findings, conclusion and judgment of the trial court were clearly erroneous. Rule 27.26(j); *Bur-*

*roughs v. State,* 590 S.W.2d 695, 697 (Mo. App.1979). Findings and conclusions are clearly erroneous only if, after review of the entire record, the court is left with the definite and firm conviction that a mistake has been made."

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.